## MARY RICHARDSON *vs.* BELLESE DAVIS.

*Dedication—Abandonment of Highway—Substituted Street—Mandatory Injunction Requiring Removal of Obstruction.*

The owner of a tract of land in a village divided it upon a plat into lots with projected streets through them and sold lots described with reference to such highways. Plaintiff and defendant owned lots upon both sides of one of such streets, called M. avenue. Defendant erected a gate and fence thereon, preventing the use of M. avenue in one direction. Upon a bill by plaintiff for a mandatory injunction requiring the removal of such obstructions, defendant alleged that the portion of M. avenue in question had never been used as a street and that another way opened by the property owners had been substituted in its place. This way was a blind alley used by the defendant and a few other parties. *Held,* that M. avenue had been dedicated by the plats and deeds, that the non-user of it did not constitute an abandonment ; that the other street referred to had not been opened by common consent in its place and stead, and that the plaintiff is entitled to the relief asked for.

Appeal from a decree of the Circuit Court for Baltimore County, (BURKE, J.)

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, BOYD, SCHMUCKER and JONES, JJ.

*D. H. Emory*, for the appellant.

The portion of Morris avenue, as laid down on the plat, which was within the description of the two parcels owned by the parties to this cause, was never opened or used as a road, but has ever remained within the enclosures of the proprietors, and cultivated and, as far as relates to appellants, beautified. By the Act of 1868, chapter 33, this tract and other tracts adjoining were incorporated by the Legislature, and the Act was amended by Act of 1868, chapter 244. The commissioners elected under this Act of Incorporation gave notice of their intention and then proceeded to pull down and remove the fences inclosing the

portion of Morris avenue above referred to, and other avenues enclosed by other owners of other portions of said original tract, claiming that they were obstructions upon public avenues, but were enjoined by the Circuit Court for Baltimore County, at the instance of the persons to be affected thereby, among whom were the appellant and appellee, which injunction was afterwards made perpetual, The said Court therein gave construction to the said deeds under which the appellant and appellee hold, and the reservations therein were construed to be mere private rights of way and were not a dedication of said avenue to public use. The said finding of the Court still remains in force and unreversed.

When the appellant purchased in 1866, the then owner, Sadtler, threw open an avenue 40 feet wide, to the south of appellant's property, in the place and stead of the part of Morris avenue enclosed as aforesaid, deeding the north, 20 feet thereof, to the appellant and providing by reservation in his future deed, to one E. A. Richardson for the south, 20 feet of said avenue. This avenue has ever since been used by the appellee and those through whom she claims, by others owning land binding on the avenue, and by the Methodist Church people and the public generally, as a short, convenient and pleasant means to reach Seminary avenue, the principal avenue of the place. This was with the approbation expressed of the ancestor of appellee and also of all the owners of lots in the vicinity, and who could be affected by the substitution.

The appellant contends that this matter involved is *res adjudicata.* Where a case has once been fairly tried and determined the judgment rendered therein is final and conclusive as between the parties and their privies touching the matter in controversy. *Farmers' Bank of Md.* v. *Thomas*, 37 Md. 246.

*Philip Bartley Watts*, for the appellee.

In the deeds under which the appellant, Mary Richard-

son, claims title, the avenues are designated and the lots are further described as being of their appropriate numbers on the plat or plan of Lutherville. Her property is described by metes and bounds and calls for the centre of Morris avenue, but the deed from "The Trustees of the Lutherville Female Seminary of Baltimore County" to George T. Sadtler, her grantor, like all the other corporation deeds, contains the following express reservation and exception, to wit : "saving and excepting, however, and 'the Trustees of the Lutherville Female Seminary of Baltimore County' do hereby reserve to themselves the right and use of so much of said land above described, as may be required to lay out, open and extend the avenues, streets and alleys designated and described on the aforesaid plat, of the whole tract of land (called Lutherville), which said avenues, streets and alleys are to be laid out and opened for the use and benefit in common of the owners and occupants of lots now sold or hereafter to be sold in the village of Lutherville."

*Dedication.*—A clearer case of dedication than this could hardly be imagined. There is in the very deed from "The Trustees of the Lutherville Female Seminary of Baltimore County" to George T. Sadtler, under which the appellant, Mary Richardson, claims title, the express reservation and exception that the bed of Morris avenue is to be opened for the use and benefit in common of the owners and occupants of lots now sold or hereafter to be sold in the village of Lutherville. That this provision in the deed clearly shows an intention to dedicate to the public use cannot be seriously questioned. It is respectfully submitted, that under these circumstances, if there were no other facts in the case, there could be no doubt but that under all the principles and rules announced by the Court of Appeals from the case of *White* v. *Flannigan*, 1 Md. 525, down to the present time, the law would imply a dedication of Morris avenue to the public use. *Baltimore* v. *Northern Central Ry.*, 88 Md. 430.

*Limitations and Abandonment.*—The appellant claims that

the portion of the bed of Morris avenue in question, which is only about 325 feet in length, has never been used as a street, but has been fenced up for over 30 years, and upon this fact the defense of limitations and abandonment is set up. The defense of limitations is too lame for argument, as it is now well-established law in this State that the common right of highway cannot be lost by the adverse possession of a private individual. *Flersheim* v. *Baltimore*, 85 Md. 489; *Baldwin* v. *Trimble*, 85 Md. 401; *Ulman* v. *Charles St. Avenue Co.*, 83 Md. 130. Mere non-user and lapse of time do not constitute an abandonment of a dedicated street. *McCormick's case*, 45 Md. 512.

It is very different from the case of *Baldwin* v. *Trimble*, *supra*, where the public had unequivocally abandoned a right of way, which was no longer needed. There is a vast difference between abandoning an old roadway, which was once used, because its usefulness has now ceased, it having been superseded by other more convenient highways, and delaying to commence the use of a new roadway, in the direct line of future projected improvements, until the time of its usefulness has arrived.

*Substituted Avenue.*—The avenue, which was alleged in the answer of the appellant to be substituted in the place and stead of Morris avenue, is what? As originally projected, it was about 40 feet wide and 300 feet deep, and ran from Francke avenue south of Morris avenue, along the south boundary of the property of Mary Richardson, and stopped in the woods at the outline of private land. It was subsequently extended by the adjoining property owners in the year 1872, to its present depth, which is about 500 feet. It is admitted that it has no outlet, and is a blind alley or *cul de sac*. It is spoken of in the testimony as a blind avenue or alley of irregular width, extending eastwardly from Francke avenue for a distance of about 500 feet, where it terminates at a fence which extends across the full width of said avenue or alley. It has a stable on it and two or three small tenant houses. This is the " sub-

stituted avenue" upon which the defense rests. An examination of the plat of Lutherville, and the testimony of the character and location of the two avenues in question, must inevitably lead to the conclusion that this blind avenue or alley could never have been opened in the place and stead of Morris avenue "by common consent, as more convenient, useful and advantageous" as alleged.

Questions adjudicated in the case of *Joseph R. Marston et al.* v. *Commissioners of Lutherville*, a public corporation, by decree of the Circuit Court for Baltimore County, made October 2nd, 1873. The defense set up in the supplemental answer that the appellee, Bellese Davis, is estopped from prosecuting this suit simply because the Circuit Court for Baltimore County, on October 2nd, 1873, enjoined the "Commissioners of Lutherville," a public corporation, from opening certain avenues in the village of Lutherville, is manifestly absurd. The learned Judge who decided the case below, said: "I think it too clear for argument that the plaintiff is not estopped by the decree of October 2nd, 1873, to prosecute this suit." The appellee or any lotholder in Lutherville could lawfully object to the "Commissioners of Lutherville," a public corporation, opening the avenues in Lutherville, yet she or any other lot-holder could immediately thereafter open and insist upon the opening of any avenues which pass through their property. The said public corporation, not being a lot-holder in Lutherville, attempted to open the avenues of Lutherville and exercise certain powers, which had never been granted to it by the Act of the General Assembly of Maryland (Act of 1868, chapters 33 and 244), which incorporated and gave it life, and the Court by the decree of October 2nd, 1873, held that the lot-holders of Lutherville had the right to enjoin the opening of such avenues and the unlawful exercise of such powers by the said corporation. This case is very different from that case where the Court, by the decree of October 2nd, 1873, did not pretend to decide that the lot-holders could not open and insist upon the opening of

the avenues in Lutherville. Just upon what ground the appellee, or any other lot-holder in Lutherville, could possibly be estopped by the said decree is anything but clear, and it is submitted that the decree has no bearing whatever on this case.

BRISCOE, J., delivered the opinion of the Court.

The appellee, Bellese Davis, filed a bill in this case in the Circuit Court for Baltimore County for an injunction to restrain and prohibit the appellants, the defendants below, from maintaining a gate and fence across the bed of a portion of Morris avenue, in Lutherville, Baltimore County, and also from interfering with the free use of this avenue by the plaintiff, or by any other person desiring to use it. The bill also prays for a mandatory injunction to require and compel the defendant to remove the gate, fence and all other obstructions erected by them across the bed of the avenue.

The case was originally heard on bill and answer, and on the 10th of July, 1899, the Court held that the avenue had been dedicated to the public use, but in consequence of an allegation that another avenue had been, in the year 1866, by common consent, opened and substituted in the place and stead of Morris avenue, the bill of complaint was retained for further proceedings.

The case was subsequently heard on bill, answer and proof, and this appeal is from a decree of the Circuit Court for Baltimore County, dated the 21st of December, 1899, declaring that the bed of Morris avenue was dedicated to the public use as a street, and directing an injunction prohibiting the maintaining of all obstructions now in the bed thereof, and further granting a mandatory injunction requiring the removal of the gate, fence and all other obstructions which had been erected by the defendants across or in the bed of the avenue.

There can be but little controversy as to the question of dedication, raised by the pleadings and facts of this case. It is admitted that Morris avenue was laid out on a map or

plat of Lutherville as far back as August 24th, 1854, by the Trustees of the Lutherville Female Seminary of Baltimore County. The plat or plan divided the property into lots and upon this plat Morris avenue was laid out by the then owners of the land and extended as a public street or avenue. Besides this, it appears from the deed itself, under which the appellant claims title, that the Trustees of the Lutherville Female Seminary of Baltimore County expressly reserved the right and use of so much of the lot of land as may be required to lay out, open and extend the avenues, streets and alleys designated on the plat of the whole tract of land called Lutherville; the avenues, streets and alleys are to be laid out and opened for the use and benefit in common of the owners and occupants of lots now sold or hereafter to be sold in the village of Lutherville.

Now, the law on the subject of dedication has been repeatedly laid down by this Court to be that where an owner lays off land in lots and sells them as bounding on certain streets which are sufficiently designated, the streets so called for are held as dedicated to the public, and the vendor is bound by an implied covenant to the purchaser to keep them open, and the purchaser takes the lot he buys, subject to the servitude upon so much of the bed of the street as goes to him under his purchase, in fee. *White* v. *Flannigan*, 1 Md. 525; *Lippincott et al.* v. *Harvey*, 72 Md. 577.

It is also well-settled law that mere non-user and lapse of time do not constitute an abandonment of a dedicated street. *M. & C. C. of Baltimore* v. *Frick*, 82 Md. 85; *McCormick* v. *Mayor, &c., of Baltimore*, 45 Md. 524.

The question of substitution relied upon by the appellant is one of fact, and depends upon the evidence in the case. It appears that Morris avenue is one of the principal streets of the town. According to the testimony it is a half-mile long and fifty feet wide, and runs through the centre of the town. It is opened for travel its entire length except about 350 feet, where it runs through the appellant's land. The avenue, which it is alleged was substituted in its place, is

about forty feet wide and 400 feet deep and it was extended in 1872 by one of the lot-owners 100 feet easterly for his own private convenience. Mr. Coonan, the engineer who testified in the case, says that it is indicated on the plat by red lines and is marked twenty foot avenue or lane; that it comprises the northerly half for a depth of about 300 feet of a blind avenue of irregular width, extending easterly from Francke avenue for a distance of about 500 feet, where it terminates at a fence which extends across the full width of the avenue. It has several small houses and a stable on it. The proof shows that this blind avenue or alley was opened simply for the benefit of the appellant and another lot-owner of the town of Lutherville. All the witnesses except one state that "they never heard until this suit that it was supposed by anybody that the opening of this avenue was a substitution by common consent of the owners and occupants of lots in the town of Lutherville for Morris alley." It is quite clear, we think, that the contention of the appellant, as to this substituted avenue, cannot be sustained.

Nor do we think that the appellee is estopped by the decree of the Court of Baltimore County, passed on the 2nd of October, 1873, in the case of *Marston et al.* v. *Commissioners of Lutherville*, and which is set forth in the record. It in no way affected the rights of the parties now before the Court.

For these reasons, the decree of the Circuit Court for Baltimore County will be affirmed.

*Decree affirmed with costs.*

(Decided June 14th, 1900.)