THE VILLAGE OF WINNETKA

*v.*

ANNIE CLIFFORD *et al.*

*Opinion filed February 18, 1903.*

1. MUNICIPAL CORPORATIONS—*when recovery of damages for closing street cannot be had.* A recovery of damages for closing a street can not be had if the damages sustained by the plaintiff are of the same kind as those sustained by the public, differing only in degree.

2. SAME—*recovery may be had in case of special damage from closing street.* The owner of property whose right of access to and the use and enjoyment of his property have been injured by closing a street, in a manner not suffered by the public, has a right of action.

3. SAME—*what constitutes a special damage.* The closing of a street in front of property, thereby turning the street into a blind court directly in front of the property, inflicts a special damage upon the owner which is not suffered by the public at large.

4. SAME—*when instruction upon subject of setting off benefits is properly refused.* An instruction authorizing the jury to set off the pecuniary benefits to property from the construction of a sub-way in a certain street against the damage occasioned by closing a street directly in front of the property is properly refused, where it ignores the alleged damage to a well upon the property, occasioned by the construction of the sub-way.

5. SAME—*measure of damages for closing a street.* The measure of damages in an action for injury to property from closing a street in front of the property and building a sub-way in another adjoining street is the difference, as shown by the evidence, between the fair cash value of the property as a whole, before and after the improvement was made.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

This was an action brought by the defendants in error, Annie Clifford and others, against the plaintiff in error, the village of Winnetka, and others, in the circuit court of Cook county, to recover damages alleged to have been sustained by reason of the closing of Maple street, in the village of Winnetka, across the right of way of the Chicago and Northwestern Railway Company. On the trial the suit was dismissed as to all but the plaintiff in error. A verdict was returned by the jury for the defendants in error for damages in the sum of $3250. On appeal the Appellate Court for the First District considered the damages excessive, but on a *remittitur* of all in excess of $1000 affirmed the judgment for that amount. Plaintiff in error has brought the case before this court on writ of error.

Defendants in error are the owners of the south one and one-fourth acres of block 64, in the village of Winnetka. This block is bounded on the north by Ash street, on the east by Cedar street, on the south by Willow street and on the west by Maple street. The right of way of the Chicago and Northwestern Railway Company cuts off a triangular piece from the south-west corner of the block, and consequently the property of defendants in error abuts on the right of way the length of that side of this triangle. Maple street was an old county road running through the village, and crossed the right of way at this corner of the block. Willow street, on the south of the block, also crossed the right of way at this south-west corner of the block. About where the right of way intersects the west line of the block stood a brick store belonging to defendants in error, and on Willow street there was a frame dwelling house on their lot. The lot

also had on it a good well, and was connected with the city water main on Maple street. The lot has a frontage of 35 to 40 feet on Maple street, 195 to 200 feet on Willow street and 187 feet on Cedar street. In December, 1896, the village entered into an agreement with the railway company, by which the village agreed to close Maple street across the right of way and the company agreed to build a sub-way on Willow street under their right of way. April 1, 1897, the village had a fence built across Maple street along the line of the right of way, thus clos-ing the street to travel over the right of way. The sub-way was constructed on Willow street under the right of way, and was protected on the side by a high stone wall. The traffic that formerly passed along Maple street had to go around along the other streets, and the rental value of the store building of defendants in error was greatly depreciated. Maple street has become a *cul de sac* or blind alley, terminating in front of the property of defendants in error. The well on their premises was greatly dam-aged by the construction of the sub-way in Willow street and the sinking of catch-basins in the street. The con-nection with the water main on Maple street was also shut off by the village. There is a main in Willow street, however, with which connection could be made.

STACY W. OSGOOD, and MILLARD F. RIGGLE, for plain-tiff in error:

Owners of land abutting upon neighboring streets or upon other parts of the same streets are not entitled to damages, notwithstanding the value of the land may be lessened by its vacation or discontinuance. Elliott on Roads and Streets, 663.

There is a right to compensation only when the ease-ment of access is directly impaired. Elliott on Roads and Streets, 664.

A discontinuance of a street, which leaves undisturbed the highway in front of the abutter's premises and leaves

him connection therefrom with the general system of streets, is not an obstruction or impairment of any vested right, and furnishes no cause of action for damages. *In re Concord*, 50 N. H. 530; *Candia* v. *Chandler*, 58 id. 127.

HOWARD AMES, (EUGENE CLIFFORD, of counsel,) for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

Counsel for plaintiff in error insist that the injury or damage suffered by defendants in error by the closing of Maple street across the railroad right of way is no more than will be sustained by all other persons in the village of Winnetka who might have occasion to pass that way, and that although the closing of the street might cause them greater inconvenience, still that fact would not entitle them to a recovery. If the damages sustained by defendants in error are of the same kind as those sustained by the public at large, differing only in degree, or the damages sustained by the defendants in error are of the same kind as those sustained by the general public, the only difference being in the excess of damages sustained by the defendants in error, then they could not recover. (*City of Chicago* v. *Union Building Ass.* 102 Ill. 379; *City of East St. Louis* v. *O'Flynn*, 119 id. 200; *Parker* v. *Catholic Bishop*, 146 id. 158; *City of Chicago* v. *Burcky*, 158 id. 103.) But whenever there is a direct physical obstruction or injury to the right of user or enjoyment of his property, by which the owner sustains some special pecuniary damage in excess of that sustained by the public generally, which by the common law would, in the absence of any constitutional or statutory provisions, give a right of action, he has a right to recover under our present constitution. (*Rigney* v. *City of Chicago*, 102 Ill. 64.) Whenever there is such an injury to the owner's right of access to and use and enjoyment of the property which is not common to the public gen-

erally, he has a right of action. (*Aldrich* v. *Metropolitan West Side Elevated Railroad Co.* 195 Ill. 456; *Chicago, Peoria and St. Louis Railway Co.* v. *Leah,* 152 id. 249; *City of Chicago* v. *Lonergan,* 196 id. 518; *City of Chicago* v. *Jackson,* id. 496.) The construction of a viaduct on a public street near its intersection with another street, thereby cutting off access to the first named street from the plaintiff's house and lot over and along the street intersected except by means of a pair of stairs, whereby the plaintiff's premises fronting on the latter street and near the obstruction were permanently damaged and depreciated in value by reason of being deprived of such access, was held in the *Rigney case* to be such special damage sustained by plaintiff, in excess of that sustained by the public generally, as would entitle him to recover. The same rule was announced in the *Burcky case,* where a part of a public street, constituting a thoroughfare across railroad tracks, was vacated and a viaduct erected in another place, and the property was thereby left upon a blind court, although the property touched the vacated portion at only one corner. In the case at bar the closing of Maple street across the tracks turned it into a blind court directly in front of the property of defendants in error, whereby their property sustained an injury different and distinct from that suffered by the public.

The refusal of the following instruction asked by the plaintiff in error is assigned for error:

1. "The jury are further instructed, that if they believe, from the evidence, that the plaintiffs have sustained special damages by reason of the vacation of Maple avenue across the tracks of the railway company, and if you further believe that the construction of the sub-way on Willow street was a direct pecuniary benefit to the plaintiffs' property, then it is your duty to consider said benefits, and if you believe them equal to or in excess of said damages, then your verdict should be for the defendant."

This instruction directed the jury to consider the alleged pecuniary benefit received by the property from the construction of the Willow street sub-way, and to set it off against the damages alleged to have been received by the closing of Maple street across the railroad tracks. It ignored entirely the injury to the well, which was specially averred in two of the counts of the declaration. While it was proper to direct the attention of the jury to the alleged benefits accruing by the construction of the sub-way, it was not proper to set them off only against a portion of the damages. The correct measure of damages was stated in an instruction given for plaintiff in error to be "the difference, as shown by the evidence, between the fair cash market value of the said property before the sub-way was constructed in Willow street and before Maple street was closed, and the fair cash market value of said property after said sub-way had been constructed in Willow street and after said Maple street had been closed, as a whole."

Finding no reversible error the judgment will be affirmed.

*Judgment affirmed.*