## Star & Crescent Milling Company v. The Sanitary District of Chicago, et al.

### Gen. No. 11,629.

1. INJURY TO REAL PROPERTY—*when cause of action for, exists.*  A cause of action has accrued to real property where the cutting off of access to and egress from such property alleged in the declaration was accomplished before the action was commenced, and where from the averments of the declaration it appears that the acts which constituted the destruction of the right of access to and egress from such property were but part of the necessary work for the construction of a bridge about to be built, although preliminary thereto, and where it likewise appeared that when the construction of the bridge, according to the plans and specifications adopted therefor, was completed, there would be no new act of prevention of ingress to and egress from such property, but that egress from and access to such property thus destroyed would be continuously maintained from the time prior to the beginning of the suit, forever and without interruption of any kind.

Action of trespass on the case.  Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding.  Heard in the Branch Appellate Court at the March term, 1904.  Reversed and remanded.  Opinion filed May 9, 1905.

**Statement by the Court.**  The Star & Crescent Milling Company, as the owner of Wharfing Lots 1, 2 and 3 in Block O, Original Town of Chicago, bounded on the north by West Randolph street, on the east by the South Branch of the Chicago River, on the west by West Water street, and on the south by property owned by other parties, brought this action of trespass on the case against the Sanitary District of Chicago, City of Chicago, and Jackson & Corbett Company, to recover damages for injuries to its property and property rights.  The action was commenced January 30, 1902.  The first count of the declaration was filed March 4, 1902.  On October 5, 1903, two additional counts, called the second and third counts, were filed by the plaintiff.  The defendants filed special demurrers to all three counts of the declaration.  These demurrers were sustained by the court, and judgment was entered for the defendants.  The plaintiff, by this appeal, seeks to reverse the judgment.

556 APPELLATE COURTS OF ILLINOIS.

VOL. 120.] Star & Crescent Mill. Co. v. Sanitary Dist., Chicago.

MARTIN M. GRIDLEY and JOHN N. JEWETT, for appellant.

SEYMOUR JONES, WILLIAM BEEBE and THOMAS J. SUTHER-LAND, for appellees; JAMES TODD and EDGAR BRONSON TOLMAN, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

The question for decision presented by the record is: Does the declaration, or any count thereof, state a substantial cause of action?

The first and third counts of the declaration contain specific allegations in reference to the plaintiff's property, its character, description, location and use, its frontage on West Randolph street, the importance of the street as a thoroughfare, the main or principal entrance to the property and premises being on said street, but in other respects these counts are similar to the second count. The discussion of the question in the briefs and oral arguments before us is confined quite largely to the averments of the second count for the reason, presumably, that the averments of that count state the case most favorably to the plaintiff.

The second count alleges the ownership of the property, giving the full legal description and also by metes and bounds, the occupation of the property by the plaintiff in its business of manufacturing flour and other products of wheat, the access to it from West Randolph street and the egress from said mill and premises to said street, the great value of the free and uninterrupted use of said street to the plaintiff in carrying on its business; that without the consent of the plaintiff, and in violation of its rights, and in pursuance of a certain agreement entered into or or about July 1, 1901, between the Sanitary District of Chicago and Jackson & Corbett Company and with the knowledge, approval and consent of the city of Chicago, for the erection of a new bridge over the South Branch of the Chicago river at West Randolph street, and in accordance with certain plans and specifications made and furnished by the Sanitary District, at and after making of said agreement,

the Sanitary District of Chicago wholly interrupted the use of the bridge over the river at that point and removed the same, and proceeded to obstruct and barricade the approach to the bridge, as a part of the preparation for erecting a new bridge, and effectually preventing the use of West Randolph street in front of plaintiff's premises, as a means of access to and egress from the property of the plaintiff; and that afterwards, on the second day of January, 1902, the defendants, in further prosecution of the agreement and the plans and specifications therefor, entered upon the work of erecting the new bridge of the form and style and construction known as the Scherzer Rolling Lift Bridge, which involved the laying of deep foundations therefor on West Randolph street along and immediately in front of the plant and premises of plaintiff; and that this work entirely obstructed and prevented the use of said street as a means of access to and egress from the premises of the plaintiff; that the excavations so made for the foundations of said new bridge were within two feet of the south line of the street and the north line of plaintiff's mill, and extended along and in front of plaintiff's premises from the east line thereof to within two feet of the western boundary thereof; that said new bridge and the foundations therefor, and the approach thereto, are intended by the defendants to be, and will be permanent structures and that the damage occasioned thereby to the premises and plant of the plaintiff and to the plaintiff, is and will be permanent and lasting, and no compensation has been made to the plaintiff therefor.

The second additional count called the third count is the same as the above count with the addition of averments that according to the plans and specifications adopted for the new bridge the superstructure thereof will extend westerly from the west bank of the river along and in front of plaintiff's premises and plant to a point a short distance east of the west line thereof extended northward, and that the south lines of said superstructure will be three feet at some points and at other points ten feet from the north

558    APPELLATE COURTS OF ILLINOIS.

VOL. 120.] Star & Crescent Mill. Co. v. Sanitary Dist., Chicago.

line of the premises of plaintiff, and that when the bridge is opened the superstructure thereof in front of said premises will be raised, and when closed it will be lowered again, and avers as the consequence thereof access to and egress from said premises will be prevented and destroyed and there will be vibration, dust, etc.

It appears from the declaration that at the time suit was commenced the bridge had not been placed in position, and no part of the superstructure had been erected. The actual work done at that time was the excavations for the foundations of the bridge, as a necessary part of the preparation for the erection of the bridge. The permanent improvement was not completed.

The chief contention of appellees, in argument, is that the suit is prematurely brought, for the reason that no permanent injury had resulted, or could result to the plaintiff before the superstructure of the bridge was erected.

It is conceded that, if it appears on the face of the declaration, that the suit is brought before the cause of action accrues, the point may be raised by demurrer. The question then is, did the cause of action accrue in this case before the permanent structure had been erected?

In support of their contention appellees urge that the allegations of the declaration show that the work done at the time suit was brought was preparatory work only, and it is averred to be of that character in the declaration, and that there can be no recovery for damages caused by work of a preparatory character. In other words it is claimed that the injury caused by the preparatory work, in the very nature of the case, could not be permanent; that inasmuch as there is full warrant and authority in law given to the Sanitary District to construct this bridge, and to take all preliminary steps necessary to accomplish that purpose, any preparatory acts were lawful and temporary, and could not cause permanent injury or damages.

We have examined with care the numerous authorities cited by appellees in support of their contention, but we do

not regard them as applicable to this case. We cannot take the time to point out in this opinion the particular features of each case which discriminate the cases from the case made in this declaration, but in general it may be stated that the acts done before the beginning of the suit in each case had not produced any unlawful injury, special to the property of the plaintiff, which was not common to the public generally, at the time suit was commenced, and the injury charged was consequential and speculative and might or might not follow as a consequence. In such cases it is held that a cause of action does not arise until the damages have resulted; and therefore the Statute of Limitations does not commence to run until the injury is sustained.

In the case at bar the injury, viz., the cutting off of access to and egress from plaintiff's property was done before the action was commenced; and from the averments of the declaration it appears that the acts which constituted the destruction of the right of access to and egress from plaintiff's property were but part of the necessary work for the construction of the bridge, and when the construction of the bridge, according to the plans and specifications adopted therefor, was completed, there would be no new act of prevention of access to and egress from plaintiff's property, but that egress from and access to plaintiff's property thus destroyed would be continuously maintained from the time prior to the beginning of suit forever, and without any interruption of any kind. Thus the case made by the declaration does not depend upon what may happen in the future as to the cause of action or injury complained of, but upon the destruction of the right of access to and from West Randolph street, and the right of egress from plaintiff's property to and upon said street wrought by the defendants prior to the beginning of the suit, and the completion of the work will be a continuation of the obstruction complained of.

It is not perceived from the facts alleged that there will be any new interference with plaintiff's rights when the

560 APPELLATE COURTS OF ILLINOIS.

VOL. 120.] Star & Crescent Mill. Co. v. Sanitary Dist., Chicago.

bridge is fully completed that did not exist prior to the commencement of the suit, but on the contrary it does appear that there will be a continuation of the same trespass upon its rights. Therefore, as we think, the wrongful act was done and the injury was suffered when the access to and egress from plaintiff's property was first obstructed and destroyed. It is doubtless true that the damage to be recovered for the injury is more susceptible of proof now that the bridge is completed (if such be the fact), but this fact does not affect or suspend the cause of action or the right to bring suit for past or prospective damages for the injury done. That is simply a question of evidence and has no other relation to the question raised by the demurrer.

In Northrop v. Hill, 57 N. Y. 351, an action was brought to recover damages for an alleged deceit practiced upon the plaintiff by the defendant in inducing him to purchase certain premises by means of fraudulent representations made by defendant, who held a mortgage thereon, to the effect that there was no other incumbrance on the property, when, in fact, to defendant's knowledge, there was another mortgage on it. The suit was commenced more than six years after the fraud, but within six years after an eviction, under title acquired by foreclosure of such other mortgage, and it was held that the cause of action arose immediately upon the purchase and not when eviction occurred, and was therefore barred by the statute.

In Wilcox v. Plummer, 4 Pet. (U. S.) 172, assumpsit was brought against an attorney to recover damages for negligence or unskillful conduct in the business of his client. In bringing suit against an indorser on a promissory note he misnamed the plaintiff and was compelled to suffer a non-suit, at which time the action was barred by the statute. The court held in the action against the attorney that the statute commenced to run from the time of committing the error of misnomer in the action against the indorser.

In O'Brien, executor, v. Penn. S. V. R. R. Co., 119 Pa.

St. 184, the lower court held that no cause of action for damages to the property occasioned by the building of the railroad occurred until the completion of the work, and if the road was not completed until after the death of O'Brien, his executrix would have no right of action. The Supreme Court reversed the judgment, holding that the action might be brought as soon as the work which results in the injury complained of is undertaken, and that if the right of action was to be postponed until the work was completed, as contended by appellees here, it would be in the power of the company, by a tardy performance, to delay the action indefinitely.

In Cass v. Penn. Co., 159 Pa. St. 273, it was sought to recover damages for injuries to plaintiff's property occasioned by the construction of defendant's railroad on a public street on which plaintiff's property abutted, and the court held that the plaintiff's "right of action was complete when the work commenced had progressed to such an extent as to obstruct ingress and egress to and from the property to the streets."

In support of this general proposition we cite Penn. S. V. R. R. Co. v. Ziemer, 124 Pa. St. 560; Eachus v. Los Angeles, etc., Ry. Co., 103 Cal. 614; Porter v. Midland Ry. Co., 125 Ind. 476, and Strickler v. Midland Ry. Co., 125 Ind. 412.

We think that in Lake Erie & W. R. R. Co. v. Scott, 132 Ill. 429, and in City of Elgin v. Eaton, 83 Ill. 535, and in City of Joliet v. Blower, 155 Ill. 414, our Supreme Court inferentially, if not directly, has given its assent to the views here expressed. In the Blower case the exact question before us was presented to and decided by the Appellate Court, and was before the Supreme Court. That court must have been of the opinion that the action was not prematurely brought, or it would not have remanded the case. We think this action was not premature.

In our opinion the declaration and each count thereof contain all the essential averments necessary to present a good cause of action. Stark v. City of East St. Louis, 85

562    APPELLATE COURTS OF ILLINOIS.

VOL. 120.] Star & Crescent Mill. Co. v. Sanitary Dist., Chicago.

Ill. 377; Chicago, etc., R. R. Co. v. Payne, 192 Ill. 239; City of Chicago v. Jackson, 196 Ill. 496; City of Chicago v. Lonergan, 196 Ill. 518; Village of Winnetka v. Clifford, 201 Ill. 475; Aldis v. Union Elevated R. R., 203 Ill. 567.

The Circuit Court erred in sustaining the demurrers to the declaration and entering judgment against the plaintiff.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

# CASES

DETERMINED IN THE

## SECOND DISTRICT

OF THE