Argued February 11, affirmed March 2, 1915.

# SANDSTROM v. OREGON–WASHINGTON RY. & NAV. CO.*

(146 Pac. 803.)

**Railroads—Injury from Construction—Nuisance.**

1. The permission of public authorities for the construction of a railway exonerates it from the charge of maintaining a public nuisance, but does not affect its liability for damages for the invasion of private rights.

[As to right of a municipality to create a nuisance, see note in 84 Am. St. Rep. 916.]

**Nuisance—Public Nuisance—Private Remedy.**

2. For an injury which an individual sustains in common with the general public, he cannot complain, though he may suffer more than the rest of the public, and in such case his relief, if any, is by public prosecution.

[As to what is a public nuisance, see note in 107 Am. St. Rep. 195.]

**Municipal Corporations—Obstruction of Street—Action for Damages.**

3. Plaintiff, whose property fronted on a dedicated street, and whose access thereto was cut off by defendant's railroad excavation half a block away, so that, though he had an approach from the west, he had none from the east, suffered an injury not common to the general public but peculiar to himself, entitling him to an action for damages.

---

*For obstructions in highway, preventing access to property except by circuitous route, as a special injury entitling owner to maintain action for damages, or to abate nuisance, see notes in 8 L. R. A. (N. S.) 227 and 21 L. R. A. (N. S.) 75.

On the question as to whether interference with one's use of a highway is a special damage which will sustain an action by him against the wrongdoer, see note in 28 L. R. A. (N. S.) 1053.

As to who may maintain action for public nuisance, see note in 9 L. Ed. (U. S.) 1012.                                    REPORTER.

**Municipal Corporations—Streets—Rights of Abutting Owners.**

4. One purchasing property with reference to the dedicated streets appearing on the plat was entitled to the use of such streets as an appurtenance to his premises.

**Municipal Corporations — Streets — Obstruction — Injury to Private Property.**

5. Where plaintiff's ingress and egress to his residence property on the street fronting it was cut off in one direction by a deep railroad excavation half a block away, the question of his special damages was for the jury.

[As to right of private citizen to recover damages for obstructing highway, see note in Ann Cas. 1914C, 1128.]

**Costs—Cost Bill—Statutes.**

6. Under Section 569, L. O. L., requiring an objection to a cost bill to state the particulars of such objection, an objection to a cost bill, not segregating the items of the bill applicable to each cause of action, could not afford grounds for relief, where plaintiff recovered on one of his causes of action and failed on the other.

From Multnomah: HENRY E. McGINN, Judge.

Department 2. Statement by MR. JUSTICE BUR-NETT.

This is an action by A. H. Sandstrom against the Oregon-Washington Railroad & Navigation Company.

Summarizing the complaint, it appears that, during all the times mentioned therein, the plaintiff was and still is the owner of a tract of land 100 feet square, upon which he resides, in the northwest quarter of a block of the City of Portland bounded on the north by Newark Street, on the east by Dana Street, on the south by the boundary of a donation claim, and on the west by Woolsey Street. Through the middle of this block runs an alley from the north to the south. Before the defendant made the excavation and tunnel hereinafter mentioned, the plaintiff bought the property with reference to a regularly dedicated plat showing the streets mentioned to be public highways. After the plaintiff had purchased his holding, the defendant built a steam railroad along Dana Street from

north to south, and in the execution of its purpose made a very deep and impassable excavation across Newark Street leading to a tunnel extending still farther south. The defendant owns the east half of the block in which plaintiff lives, together with the whole of the block lying immediately north, and has fenced around the excavation and across Newark Street so as to utterly bar the plaintiff or any one from going east on that highway. The plaintiff's premises are separated from the fence in question crossing Newark Street only by the alley, which is about 16 feet in width. He claims to be specially damaged by direct physical injury to his property, so that it is greatly decreased in value, to his damage in the sum of $1,500. Another cause of action is stated in the complaint for annoyance to the plaintiff by smoke and cinders issuing from the tunnel, but upon this the defendant prevailed in the trial, and the propriety of that result is not questioned on this appeal.

Answering the first cause of action, the defendant pleads permission granted to its predecessor in interest by the City of Portland and by the county of Multnomah to construct its railway along Dana Street and to make the excavation in question under certain prescribed conditions, one of which is to the effect that, when the City of Portland shall determine to improve Newark Street, the defendant shall build, across the excavation mentioned, a viaduct of steel and concrete construction the full width of the street, according to the direction of the city authorities.

The reply materially traverses the allegations of the answer. The jury returned a verdict of $300 for the plaintiff on the first cause of action. Upon this verdict it was adjudged by the Circuit Court in substance

75 Or.—11

that the plaintiff take nothing on the second cause of action, but that he recover from the defendant on his first cause of action $300, with his costs and disbursements taxed at $236.20, From this judgment the defendant appealed.                                    AFFIRMED.

For appellant there was a brief over the names of *Mr. W. A. Robbins, Mr. William W. Cotton* and *Mr. Arthur C. Spencer,* with an oral argument by *Mr. Robbins.*

For respondent there was a brief over the name of *Messrs. Schmitt & Schmitt,* with an oral argument by *Mr. L. L. Schmitt.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. It was established, as stated in the answer, that the public authorities had given permission for the construction of the railway. The effect of this is thus stated in 1 Lewis, Eminent Domain (3 ed.), Section 169, page 304:

"Authority to occupy a street, whether obtained directly from the legislature or from a local municipality, only protects the company to the extent of the public right or easement in the street and leaves the company to deal with private rights as in other cases": *Muhlker* v. *New York & Harlem R. R. Co.,* 197 U. S. 544 (49 L. Ed. 872, 25 Sup. Ct. Rep. 522).

In other words, the sanction of local authorities exonerates the company from the charge of maintaining a public nuisance, but does not affect the damages to be assessed for the invasion of private rights.

2–4. The main contention of the defendant is that owing to the fact that the excavation is not immediately in front of the plaintiff's premises, where they

face on Newark Street, but is at least 16 feet east of his northeast corner, he suffers no injury that is not experienced by the public at large. The principle, indeed, is well established that, for an injury which an individual sustains in common with the general public, he cannot complain, although he may suffer more acutely than the rest of the people. In such cases he must find his relief, if at all, at the hands of the state by public prosecution. It is equally well settled, however, that although the general public may experience inconvenience from the sequestration of a public street by a railroad company, yet if an individual from the identical act undergoes a damage or injury peculiar to himself, he may recover for the same.

Having purchased the property with reference to the dedicated streets appearing on the plat, the plaintiff was entitled to the use of those highways as an appurtenance to his premises. In common with the general public residing in other parts of the city or state, he had a right to travel along Newark Street without let or hindrance. For the invasion of the mere right to travel, as thus far stated, he is barred from recovery by the municipal legislation mentioned; but, as he passed along the street with other members of the general public, he had a privilege which no other person possessed, to wit, that of entering upon his close from that street, and prior to the construction of the road, in the exercise of his prerogative, he could approach his premises from the east as well as from the west. The defendant is in the position of saying to him in substance:

"Although you had the right, before we came upon the ground, to go to your residence both from the east and from the west along Newark Street, yet in our judgment it is enough for you if you can reach it from

the west, and we will therefore appropriate your eastern approach for ourselves.''

This is a palpable invasion of the plaintiff's right of access to and egress from his premises. If it is sound in principle to allow this without compensation in damages, the company could as well take from him both approaches. The complaint discloses that the plaintiff has suffered an injury not common to the general public but peculiar to himself, whereby he has been deprived of part of his convenient method of access to and egress from his realty.

The difficulty is not so much in the statement of the rule as in its application. Many cases are cited by the defendant where the property holder was denied relief in equity when he sought to enjoin the maintenance of the obstruction. Most of these cases proceed upon the theory that, in instances like the present, the plaintiff must be content with his remedy at law in the recovery of damages. Others urge that the plaintiff failed to show anything more than an injury suffered in common with other people who desired to use the thoroughfare. The great weight of authority, however, indicates that, where a street upon which the plaintiff's property abuts is so obstructed that he finds himself fronting upon a cul-de-sac, he is entitled to damage. In effect this is taught by the decision of this court, speaking by Mr. Justice Moore in *Bernard* v. *Willamette Box & Lumber Co.,* 64 Or. 223 (129 Pac. 1039). There the plaintiff was the owner of a plat of ground on the corner of a block. A street running along the south side was already barred by a railway embankment about eight feet high some distance west of his premises. To reach this railway the defendant, a lumbering concern, had constructed in the street,

along the south side of the plaintiff's premises, an
elevated tramway, which effectually cut off his access
to that street.   The plaintiff's approach to the street
on the east, however, remained unimpaired, but he in-
stituted a suit in equity to prevent and remove the
structure on the south as a public nuisance and to
recover damages.   Pending the suit, the defendant
took down the tramway and abated the nuisance; but
the court retained jurisdiction to hear and determine
the cause upon the question of damages.   It is clear
that, if the plaintiff had chosen to tolerate the nuis-
ance without abatement, he could have recovered the
damages in question by an action at law, although he
had ample access to his property by the other street.

So here, although the plaintiff may use the passage
to the west along Newark Street as before, yet he is
damaged by being deprived of the same privilege to-
ward the east along that avenue, and can recover for
the same at law.   The following precedents are in-
structive on this branch of the case: *Cushing Wet-
more Co.* v. *Gray,* 152 Cal. 118 (92 Pac. 70, 125 Am.
St. Rep. 47); *Brunswick R. R. Co.* v. *Hardey,* 112 Ga.
604 (37 S. E. 888, 52 L. R. A. 396); *Winnetka* v. *Clif-
ford,* 201 Ill. 475 (66 N. E. 384); *O'Brien* v. *Central
etc. Iron Co.,* 158 Ind. 218 (63 N. E. 302, 92 Am. St.
Rep. 305, 57 L. R. A. 508); *Park* v. *C. & S. W. Ry. Co.,*
43 Iowa, 636; *Dairy* v. *Iowa Cent. R. R. Co.,* 113 Iowa,
716 (84 N. W. 688); *Young* v. *Rothrock,* 121 Iowa,
588 (96 N. W. 1105); *Leavenworth etc. R. R.* v. *Curtan,*
51 Kan. 432 (33 Pac. 297); *Richardson* v. *Davis,* 91
Md. 390 (46 Atl. 964); *Kaje* v. *Chicago etc. Ry.,* 57
Minn. 422 (59 N. W. 493, 47 Am. St. Rep. 627); *Fitzer*
v. *St. Paul Ry. Co.,* 105 Minn. 221 (117 N. W. 434, 127
Am. St. Rep. 557, 18 L. R. A. (N. S.) 268); *Glaessner*
v. *Anheuser Busch Br. Co.,* 100 Mo. 508 (13 S. W. 707);

*Buchholz* v. *New York L. E. & W. R. R. Co.,* 148 N. Y. 640 (43 N. E. 76); *Tise* v. *Whitaker-Harvey Co.,* 144 N. C. 507 (57 S. E. 210); *Johnston* v. *Old Colony R. R. Co.,* 18 R. I. 642 (29 Atl. 594, 49 Am. St. Rep. 800); *Richardson* v. *Lone Star Salt Co.,* 20 Tex. Civ. App. 486 (49 S. W. 647); *Brauer* v. *Baltimore Ref. Co.,* 99 Md. 367 (58 Atl. 21, 105 Am. St. Rep. 304, 66 L. R. A. 403); *Robbins* v. *Scranton,* 217 Pa. 577 (66 Atl 977); *Tilly* v. *Mitchell & Lewis Co.,* 121 Wis. 1 (98 N. W. 969, 105 Am. St. Rep. 1007); *Texarkana* v. *Leach,* 66 Ark. 40 (48 S. W. 807, 74 Am. St. Rep. 68); *Chrisman* v. *Omaha etc. Ry.,* 125 Iowa, 133 (100 N. W. 63); *Gargan* v. *Louisville etc. Ry.,* 89 Ky. 212 (12 S. W. 259, 6 L. R. A. 340); *Bannon* v. *Rohmeiser,* 90 Ky. 48 (13 S. W. 444, 29 Am. St. Rep. 355); *Van Witsen* v. *Gutman,* 79 Md. 405 (29 Atl. 608, 24 L. R. A. 403); *Horton* v. *Williams,* 99 Mich. 423 (58 N. W. 369); *Dean* v. *Ann Arbor R. R. Co.,* 137 Mich. 459 (100 N. W. 773); *Vanderburgh* v. *Minneapolis,* 98 Minn. 329 (108 N. W. 480 6 L. R. A. (N. S.) 741); *Foust* v. *Pennsylvania R. R. Co.,* 212 Pa. St. 213 (61 Atl. 829); *Chicago* v. *Burcky,* 158 Ill. 203 (42 N. E. 178, 49 Am. St. Rep. 142, 29 L. R. A. 568); *Rigney* v. *Chicago,* 102 Ill. 64.

5. We cannot establish any hard-and-fast rule declaring how far along a street shall be extended an abutter's right to sue for damages to his close, resulting from the obstructions not immediately in front of his holding. Lewis on Eminent Domain, (3 ed.), Section 191, says:

"This right extends at least to the next intersecting street. Consequently, if the street upon which the plaintiff abuts is wrongfully closed or obstructed in either direction at a point between plaintiff's property and the next intersecting street, this right is violated and an action accrues."

What seems to be a sounder expression is found in *Robbins* v. *Scranton,* 217 Pa. 577 (66 Atl. 977):

"The problem before the jury was to determine whether the effect of the improvements as a whole had been to work any proximate, immediate, and substantial injury to the value of the real estate."

So in the instant litigation we hold that a case was made sufficient to call for the verdict of a jury on the amount of damages, for we cannot say, as a matter of law, that the plaintiff experienced no injury by having the street in front of his residence closed for the benefit of the defendant at a point immediately east of his premises.  Much was pressed upon our attention about Newark Street being unimproved beyond cutting out the brush several years ago, but that cannot affect the principle or take the case from the jury.

6. The plaintiff filed a cost bill in the Circuit Court amounting to $236.20, one item of which was, "Reporter's transcript on appeal of first trial, $110."  It is not mentioned in the statement of disbursements what items thereof are applicable to the first cause of action and what to the second.  The defendant moved the court for an order striking out the plaintiff's cost bill "in so far as the same relates to the second cause of action set forth in said complaint."  No further specifications of objection are made, except to the item of $110 already mentioned.  The defendant contests the allowance of that, because it appears that, on a former trial of this case, the court directed a verdict in favor of the defendant on the first cause of action, and the jury returned a verdict for the defendant on the second cause of action.  On both the judgment of the Circuit Court was reversed: 69 Or. 194 (136 Pac. 878, 49 L. R. A. (N. S.) 889).  The defendant now bases his opposition to the cost bill upon the

fact that in the second trial the jury returned a verdict for the plaintiff for $300 on the first cause of action, and for the defendant on the second cause of action. In the absence of anything segregating the items of the bill applicable to each cause of action, we cannot give the defendant any relief, because the statute requires that the objection to a cost bill must state the particulars of such objection. Section 569, L. O. L.

Finding no error, the judgment is affirmed.

AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.

---

Motion to dismiss appeal denied January 15, 1915.
On the merits argued February 16, affirmed March 2, 1915.