### LOCKWOOD v. CITY OF PORTLAND et al.

(Circuit Court of·Appeals, Ninth Circuit. April 2, 1923.)

No. 3962.

1. **Municipal corporations** ⊚⇒63(1), 657(2)—**Power of municipal corporation to vacate streets not reviewable in equity, in absence of fraud or abuse of power.**

Subject to constitutional limitations, the power of a state to vacate public streets within its borders is plenary and absolute, and may be delegated to municipal corporations, whose action, in the absence of fraud or plain abuse of power, is not reviewable in equity.

2. **Municipal corporations** ⊚⇒657(7)—**Charter provision, making determination of council as to sufficiency of petition final, valid.**

Under Portland City Charter, § 362, relating to the vacation of city streets, the finding of the city council that the requisite number of owners

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

have consented to the proposed vacation is made conclusive against collateral attack, and this provision the Legislature was competent to enact.

**3. Municipal corporations ⬤⟳657(I)—Public use of vacated public streets not necessary to validity of vacation proceedings.**

Though Portland City Charter, § 362, requires that a petition for the vacation of public streets shall set forth the purpose for which the ground vacated is to be used, there is no requirement, either in the statute or otherwise, that the vacated ground shall be used for a public purpose, and it is no objection to the validity of vacation proceedings that the ground was in fact not to be used for a public purpose.

**4. Eminent domain ⬤⟳100(6), 284—Property owner cannot resist vacation of public streets without showing special injury different from that suffered by public generally.**

Proceedings for the vacation of public streets under Portland City Charter, § 362, cannot be enjoined by a property owner on the ground that he purchased his lots by reference to a recorded plat, and thereby acquired a property right in every street dedicated to the public, of which right he cannot be deprived without his consent or without compensation, since his right to resist the vacation or to recover damages therefor is not available, unless he shows a legal injury to his property different in kind, and not merely in degree, from the injury suffered by the public at large.

**5. Eminent domain ⬤⟳100(6), 284—Property owner cannot resist street vacation proceedings because of inconvenience suffered by public generally.**

A property owner, who has free access from three sides by public streets, has no standing in equity to enjoin vacation by municipal authorities of a fourth street, nor can he recover damages for such vacation; his injury by being denied the privilege of passing over such street being different only in degree, and not in kind, from the injury suffered by the public generally.

Appeal from the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Suit in equity by J. B. C. Lockwood against the City of Portland and others to enjoin the vacation of city streets by ordinance or otherwise. From a decree of dismissal, plaintiff appeals. Affirmed.

Section 362 of the charter of the city of Portland provides that, whenever any person or corporation interested therein shall desire the vacation of a street or part thereof, such person or corporation shall give notice by advertisement in the city official newspaper that a petition will be presented to the city council at a regular meeting at a time stated in such notice, praying for the vacation of such street or part thereof. The petition shall set forth a description of the part of the street proposed or sought to be vacated, the purpose for which the ground is proposed to be used, and the reason for the vacation, and shall be accompanied by the consent of the owners of at least two-thirds of the real estate fronting on both sides of the street, within certain prescribed limits. Upon presentation of the petition and the filing of proof of publication, the city council shall fix a date for hearing the petition and the objections filed thereto, if any. At the time fixed for the hearing the city council shall ascertain and determine whether the consent of the owners of the requisite number of front feet has been obtained, and such finding shall be made a matter of record, and shall be conclusive of the facts as found in all collateral proceedings, and shall be prima facie evidence of the facts in all direct proceedings. If upon the hearing the city council shall find that the public interest would not be prejudiced by the vacation of the street, or part thereof, applied for, and that the consent of the owners of the requisite number of front feet has been obtained, the council may grant the prayer of the petition in whole or in part, and may vacate the street sought to be vacated by such petition, and cause such vacation to be made a matter of

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

record. The next section provides that, upon the vacation of a street, the street shall be attached to the lots or ground bordering on same, and all right and title thereto shall vest in the owners of the property on each side thereof in equal proportions, except where the street was originally dedicated wholly by the owner or owners of the property abutting upon one side only, in which case the title to the street shall vest in the owner or owners of the property bordering upon that side.

On August 3, 1922, school district No. 1, Multnomah county, Oregon, presented two petitions to the city council of the city of Portland, praying for the vacation of parts or portions of certain streets therein described. The purpose for which the ground was proposed to be used, and the reason for the vacation, were thus stated: "That the purpose for which the ground is proposed to be used which your petitioner herein seeks to have vacated is for general private purposes, the same as the adjacent ground, and particularly for residential purposes and school purposes. That the reason for such vacation is that school district No. 1, Multnomah county, Oregon, owns the adjacent property on the north, being blocks 77 and 96, and the said school district contemplates the purchase of blocks 95, 97, and 98, of Holladay addition, and on which the proposed new Holladay School is to be located, and the vacation of that portion of said street will add to and be beneficial to the public in connection with the said school."

Later two ordinances were introduced in the city council, vacating the streets as prayed, and passed to their third reading, but before their final passage the present suit was instituted by a property owner to restrain the school district, the city of Portland, and their respective officers, and the Oregon Real Estate Company from passing the ordinances or otherwise attempting to vacate the streets. From a decree of dismissal the present appeal is prosecuted.

Isham N. Smith, of Portland, Or., for appellant.

Frank S. Grant and H. M. Tomlinson, both of Portland, Or., for appellees city of Portland and its officers.

Stanley Myers, Dist. Atty., and Sam'l H. Pierce, Deputy Dist. Atty., both of Portland, Or., for appellees School District No. 1, and its officers.

Before GILBERT and RUDKIN, Circuit Judges, and VAN FLEET, District Judge.

RUDKIN, Circuit Judge (after stating the facts as above). [1] The following propositions are so firmly established as to require no citation of authority in their support: First, subject to the limitations contained in the Constitution of the United States, and in its own Constitution, the power of a state to vacate public streets within its borders is plenary and absolute; second, this power may be delegated to municipal corporations; and, third, a court of equity cannot review the action of the municipal authorities in the exercise of the power thus delegated in the absence of fraud or a plain abuse of power.

[2, 3] Measured by these rules, the objections to the vacation proceedings cannot be sustained. The claim or suggestion that the requisite consent of property owners has not been obtained is answered by the city charter. The finding of the city council on that question is made conclusive in a collateral proceeding such as this, and it was entirely competent for the legislative department to so provide. The claim that the property vacated is not to be used for a public purpose is equally untenable. There is no such requirement in the city charter or in the general law. True, the charter provides that the petition

shall set forth the purpose for which the ground is proposed to be used; but there is no requirement that the purpose shall be a public one. When vacated, the ground may be used by the abutting owners for private purposes, as is usually the case. It may be used for public purposes, or it may not be used at all; but the authority of the city council does not depend upon any such considerations. Village of Bellevue v. Bellevue Imp. Co., 65 Neb. 52, 90 N. W. 1002.

[4] The principal contention of the appellant is that he purchased his lots by reference to a recorded plat, that by such purchase and conveyance he acquired a property right in every street dedicated to the public, and that of this right he cannot be deprived without his consent or without compensation. The right thus asserted is a broad one, and requires careful scrutiny. The plat before us contains hundreds of lots and miles of streets, and if every lot owner has acquired the right thus asserted, it must be apparent that the authority to vacate streets in such a plat is a barren one, to say the least. But we are satisfied that any such claim is unfounded. Had the appellant here sought to enjoin the vacation of an unused street in some remote part of the plat, the absurdity of his claim would become at once apparent; and yet such a case differs in degree, and not in kind, from the one before us. In many of the cases cited, such as Steele v. City of Portland, 23 Or. 176, 31 Pac. 479, the question arose between the original owner, who filed the plat, and his grantee; but, whatever rights the purchaser may have or acquire as against the original owner, we are satisfied that no such right can be asserted as against the municipality. Substantially all the authorities agree that a lot owner cannot resist the vacation of a street under competent authority, or recover damages for such vacation, unless he shows a legal injury to his property, different in kind, and not merely in degree, from the injury suffered by the public at large.

[5] In this respect the appellant has utterly failed. He is the owner of four lots, or half a block, in the city of Portland. Two of these lots front on Eighth street to the west, and the remaining two on Ninth street to the east. Two of his lots also abut on Wasco street to the north. The portion of Eighth street sought to be vacated extends one block north from the north line of Wasco street. It will thus be seen that the appellant has free access to his property from all three sides, the same as before. He is simply denied the privilege of passing over Eighth street, between Wasco street and Halsey street; but that same privilege is denied to every other inhabitant of the city. The appellant may have occasion to use the street oftener than others, because of its proximity to his property, and for that reason his inconvenience may be greater than that of others; but all the authorities agree that this is a difference in degree, and not in kind. That a property owner, whose property is situate as is that of the appellant in this case, has no standing in a court of equity to enjoin vacation proceedings by municipal authorities, or in a court of law to recover damages for such vacation, is fully established by the following authorities, among many others that might be cited: Jones on Easements, §§ 342, 347; Lewis, Eminent Domain (3d Ed.) § 198; Hawley v.

Baltimore, 33 Md. 270; City of East St. Louis v. O'Flynn, 119 Ill. 200, 10 N. E. 395, 59 Am. Rep. 795; Freeman v. Centralia, 67 Wash. 142, 120 Pac. 886, Ann. Cas. 1913D, 786; Enders v. Friday, 78 Neb. 510, 111 N. W. 140, 15 Ann. Cas. 685; Hyde v. Fall River, 189 Mass. 439, 75 N. E. 953, 2 L. R. A. (N. S.) 269; Elliott, Roads and Streets (2d Ed.) § 878; Dillon, Municipal Corporations (5th Ed.) § 1160; Cummings Real Estate & Investment Co. v. Deere, 208 Mo. 66, 106 S. W. 496, 14 L. R. A. (N. S.) 822. Nor are we convinced that a different rule obtains in the state of Oregon. Sandstrom v. Oregon-Washington Ry. & Nav. Co., 75 Or. 159, 146 Pac. 803.

The decree of the court below is therefore affirmed.