Argued April 1; reversed April 28, 1931

COOKE *v.* CITY OF PORTLAND ET AL.

(298 P. 900)

*Frank S. Grant,* City Attorney, and *Sam H. Pierce,* both of Portland (L. E. Latourette, Deputy City Attorney, of Portland, on the brief), for appellants.

*L. B. Sandblast,* of Portland, for respondent.

BELT, J. This is an action by a property owner to recover damages against the city of Portland on account of the vacation of that part of 21st street between the south line of Elm street and the north line of Spring street. The street was vacated by the city in accordance with the petition of School District No. 1 of Multnomah county, the owner of blocks 91 and 92 in Carter's addition to the city of Portland. The purpose of the vacation was to afford a playground for the children attending the Ainsworth school which is located in block 92. Plaintiff is the owner of lot 5 in Portland Heights addition. Reference to the following plat may aid in understanding the issues.

The plaintiff does not question the power vested in the city to vacate the street, nor the regularity of the

proceedings. His sole contention is that the vacation of 21st street resulted in the "taking" of property without just compensation and in violation of the Constitution. From a judgment in favor of the plaintiff for $1,750, the defendant city appeals.

■ It will be observed from the plat that the property in question abuts on Spring street and not on 21st street as asserted by plaintiff. Between the south end of 21st street and the north line of plaintiff's property is an intervening street 60 feet in width. For definition of abutting property, see *Kemp v. City of Seattle* 149 Wash. 197 (270 P. 431), and cases therein cited. We have not then a case where damages were awarded for injury to property abutting on the part of the street vacated. Nor is it a case where one end of a street upon which property abuts has been closed leaving the owner in a cul-de-sac. Here the street vacated is in a different block from that in which the property alleged to have been damaged is located. It follows that if plaintiff is entitled to compensation it is by reason of a special injury to his property resulting from its proximity to the street vacated. The precise question is new in this jurisdiction.

Plaintiff claims that, prior to the vacation proceedings, in going from his home to the city proper he drove north on 21st street, but now he is obliged to take a circuitous route by going west on Spring street to Vista Ave., and around the Ainsworth school block. Never has he been able to go east on Spring street on account of a deep ravine which has not been bridged. Nor is any street opened on the east side of block 91. Under these circumstances, can it be said that the vacation of 21st street has resulted in such an interference with plaintiff's right of ingress and egress to and from

his property as to cause it to be damaged in a manner different from that suffered by members of the public who have been deprived of the use of the street? In other words, has plaintiff sustained special or peculiar injury different from that of the general public?

Courts have been unable to announce any hard and fast rule to determine when owners may and when they may not recover compensation for injury to property by reason of the vacation of a street. However, it may be said with a degree of certainty that an owner whose property abuts upon that part of the street vacated is entitled to be compensated for deprivation of his right of access to his property. It is also a well-established general rule that those owners whose property does not abut upon the street vacated are denied compensation if they still have access to the general system of streets. See numerous cases in exhaustive note 49 A. L. R. 330. The mere fact, however, that the property does not abut on the street vacated does not preclude compensation if the owner has been deprived of all access to his property. This could be accomplished by the vacation of streets on both sides of a property or by closing all of the street except that part upon which the property abuts. The real test is not whether the property abuts upon the street vacated but whether a special injury has been sustained by reason of the vacation.

In McQuillan on Municipal Corporations (2d Ed.), § 1525, the cases are thus classified: "(1) Those where the one claiming damages owns property abutting directly on the part of the street vacated, and (2) those where he owns property abutting on the same street but not on the part of the street vacated, or property on another street." The instant case comes under the

classification of "property on another street." The authorities are in accord in allowing compensation in the first class of cases, but there is great conflict among the courts as to those cases coming under the second classification. The difficulty seems to lie in the application of the law rather than in its statement.

■ Plaintiff claims that, as a result of the closing of 21st street, his property is left in a cul-de-sac and that, under such circumstances, his injury differs in kind from that of the general public. Unquestionably the weight of authority supports the proposition that where a street upon which an owner's property abuts is closed at one end of the block, leaving the property in a cul-de-sac, the owner is entitled to damages: *Sandstrom v. Oregon-Washington Ry. & Nav. Co.*, 75 Or. 159 (146 P. 803), and see numerous authorities in note 49 A. L. R. 351. In the instant case it is to be borne in mind, however, that no part of the street upon which plaintiff's property abuts was closed or vacated. In this respect the facts are unlike those in the Sandstrom case and in many others cited. The right to use Spring street itself has been in no way impaired by the closing of 21st street. The inconvenience which plaintiff suffers differs only in degree from that of other property owners in the same neighborhood. Such inconvenience does not constitute a "taking" of property within the meaning of the constitutional provision that private property shall not be taken for public use without just compensation be first assessed and tendered: Art. I, § 18, Oregon Constitution.

Where property is located in a different block from that in which the street is vacated and the owner still has reasonable access to the system of streets in the

city, he is precluded from recovery of damages. The rule is thus stated in McQuillan on Municipal Corporations (2d Ed.), § 1527:

"On the other hand, if the street directly in front of one's property is not vacated but the portion vacated is in another block, so that he may use an intersecting cross street, although perhaps it is not quite so short a way nor as convenient, it is almost universally held that he does not suffer such special injury as entitles him to damages. And this is so notwithstanding the new route is less convenient or the diversion of travel depreciates the value of his property. The fact that the lot owner may be inconvenienced or that he may have to go a more roundabout way to reach certain points, it is generally held, does not bring him an injury different in kind from the general public, but in degree only. 'If means of ingress and egress are not cut off or lessened in the block of the abutting owner, but only rendered less convenient because of being less direct to other points in the city, and made so by the vacation of the street in another block, such consequence is damnum absque injuria.'" Citing numerous authorities in support of the text.

Also see *Lockwood v. City of Portland et al.*, 288 F. 480, wherein the court in affirming Judge Bean of the District Court said:

"That a property owner, whose property is situate as is that of appellant in this case, [located in a different block from that in which the street was vacated] has no standing in a court of equity to enjoin vacation proceedings by municipal authorities, or in a court of law to recover damages for such vacation, is fully established * * *."

*Kemp v. City of Seattle*, supra, and *City of Jackson et al. v. Welch et al.*, 136 Miss. 223 (101 So. 361), which are squarely in point, also hold adversely to the contention of the plaintiff herein.

We conclude that the doctrine of the cul-de-sac cases has no application to the facts in this controversy and that plaintiff has sustained no special injury for which compensation can be recovered from the defendant municipality.

It follows that the judgment in favor of the plaintiff is reversed and the action is dismissed.

BEAN, C. J., BROWN and CAMPBELL, JJ., concur.