## Kentucky West Virginia Gas Co. v. Thompson et al.

## Same v. Brown.

Oct. 9, 1945.

Francis L. Rice and Combs & Combs for appellant.

J. A. Runyon and F. M. Burke for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—
Affirming in part, reversing in part.

By deed dated October 31, 1904, Granville Charles and others conveyed to Northern Coal & Coke Company all oil and gas rights, together with certain appurtenant easements, in and under a certain tract of land in Pike County, out of which appellees' separate boundaries subsequently were carved. By mesne conveyances, appellant became, and now is, the owner of these oil and gas rights, its immediate grantor being Elkhorn Coal

Corporation. The deed from Charles and others to the Northern Coal & Coke Company, among other things, granted to the grantee and its assigns the right to enter upon appellees' properties, and "use and operate the said land and surface thereof, and any and all parts thereof, including the right to use, divert, dam and pollute water courses thereon in any and every manner that may, by party of the second part, its successors or assigns, be deemed necessary or convenient for the full and free exercise and enjoyment of any and all the property, rights and privileges hereby bargained, sold, granted or conveyed, * * *"; and "in the use and occupation of said land and surface thereof in any and all manner hereunder, and in the exercise of the rights and privileges herein bargained, sold, granted or conveyed or any or all of them, by the party of the second part, its successors and assigns, it, said party of the second part, its successors and assigns, shall be free from, and it and they are hereby released from any and all liability or claim of damage to the said parties of the first part, their heirs, representatives and assigns, occasioned by or resulting directly or indirectly from such use or occupation, or the exercise of said rights or privileges, or any or all of them."

The deed from Elkhorn Coal Corporation to appellant did not specifically set out the appurtenant easements quoted above. These suits were instituted separately by appellees, Thompson and Brown, against appellant; were consolidated for trial; and the appeals have been consolidated in this Court. Appellees seek to recover of appellant for damages to their lands, fences, crops, and water well, resulting from appellant's operation in drilling an oil and gas well on appellees' lands. They do not allege that the injuries complained of were wilfully brought about, or that they resulted from negligent operation. Appellant pleaded the release from liability recited in the deed from Charles to the Northern Coal & Coke Company. Appellees contend that appellant is not entitled to this relief, because the deed from the Elkhorn Coal Corporation to it does not specify this particular appurtenance.

The rule applicable to cases of this character is succinctly stated in 17 Am. Jur. p. 1015, sec. 127, and is: "There is, moreover, a well-established rule that every

appurtenant easement passes with a conveyance of the dominant tenement, unless a contrary intention is disclosed by the deed of conveyance, notwithstanding the deed does not purport expressly to include 'appurtenances.' '' This rule was followed by this Court as early as 1906, in Schwer v. Martin, 97 S. W. 12, 29 Ky. Law Rep. 1221, 7 L. R. A., N. S., 614; and more recently in Schade v. Simpson, 295 Ky. 45, 173 S. W. 2d 801. Many intervening decisions have followed this rule, which is now one of property in this jurisdiction, and consequently is controlling in our determination of the question involved. There is no provision in appellees' deeds indicating that it was the intention of the parties that the release from liability for the injuries complained of should not pass with the dominant estate.

Wherefore, the lower Court should have directed the jury to return a verdict in favor of the defendant in each of the consolidated cases.

The judgments are reversed for proceedings consistent with this opinion.