**FOURSEAM COAL CORP. v. COMBS et ux.**

Court of Appeals of Kentucky.
Feb. 29, 1952.

Craft & Stanfill, Hazard, for appellant.

C. C. Wells, T. E. Moore, Jr., Hazard, for appellees.

MILLIKEN, Justice.

The appellees, plaintiffs below, instituted this action to recover damages for injury to their land sustained as the result of a fire in a coal dump, partially on their land, placed there by appellant. After trial by a jury judgment was rendered in favor of the appellees, and this appeal resulted.

Appellant assigns as errors: (1) Failure of the trial court to direct a verdict for it on the basis of certain provisions in deeds to the property; (2) failure of the trial court to direct a verdict for it on the basis of an agreement entered into between the parties in 1946; and (3) the giving of improper instructions.

Appellees, husband and wife, are the owners of the surface of two tracts of land

in Perry County about five miles from Hazard. The appellant is the lessee of the mineral rights to this and surrounding land. Appellant's lessor, the Hazard Coal Corporation, acquired these mineral rights by mesne conveyances from C. G. Bowman, who had acquired them by deed in 1905. The deed to Bowman conveyed to him the mineral rights together with certain rights and privileges in and upon the boundaries of the land. The surface of the land later was acquired by the appellees. In 1945 the appellant began strip coal mining its lease. The refuse of that mining, which included muck, slag, slate, sulphur balls and rejected coal, was placed on a dump which extended onto the appellees' land.

The evidence shows that the dump began to smoke as early as the winter of 1946. It burst into open flame in May, 1948, and emitted an acrid, noxious smoke. The appellant first attempted to put out the fire by the use of water, but when this failed oil and wood were put on the dump in an apparent attempt to burn the whole thing. This also failed, and the fire was finally put out in September of 1948 by bulldozing dirt on it. The appellees based their action upon the alleged negligence of the appellant in failing to abate quickly the nuisance which caused the damage to their property as described in their pleading.

In the deed to Bowman in 1905 in which the mineral rights were first conveyed, it was declared that "the grantee, its successors or assigns" should have certain specified rights "together with the rights to enter upon said lands, use and operate the same and surface thereof, and make use of, and for this purpose divert water courses thereon, in any and every manner that may be deemed necessary or convenient for mining * * * and in the use of said land and surface thereof by grantee, its successors or assigns, grantee, its successors or assigns, shall be free from, and is, and are hereby released from liability or claim or damages to said grantors, their heirs, representatives and assigns." It was subsequent to, and subject to, this conveyance that the appellees acquired their rights to the surface of the land.

We believe that this case comes squarely within the ruling of this court in Consolidation Coal Co. v. Mann, 298 Ky. 28, 181 S.W.2d 394, 396, in which we reversed a judgment for a property owner for damages to his property caused by a fire burning in a slag dump as in the case at bar, saying: "It will be presumed conclusively that he knew, as all men know, that in the mining of coal it is necessary to maintain dumps similar to the one complained of in his petition. The evidence shows that such dumps almost invariably become ignited by spontaneous combustion, in which event the fires cannot be extinguished, and smoke, gases, and noxious odors will emit therefrom. By accepting title to the surface of the property burdened with the rights and privileges acquired by appellant under the deed from appellee's predecessor in title, appellee virtually licensed appellant to maintain the nuisance of which he now complains. Since appellant's deed to the minerals underlying appellee's surface expressly granted to appellant the right to use such surface in conjunction with the entire mining operation contemplated by appellant, appellee is estopped to complain of a condition necessarily incident to such operation, whether the condition be located on his own property or property adjacent thereto. The courts will presume, when one acquires property under these circumstances, that the purchase price of the property was reduced to compensate the purchaser for any annoyance, inconvenience, or injury the owner thereafter might suffer by reason of the rights and privileges previously granted by the then owner of the fee."

See, also, 39 Am.Jur., Sec. 199, page 475; 66 C.J.S., Nuisances, § 142, page 950; Steele v. Rail & River Coal Co., 42 Ohio App. 228, 182 N.E. 552; Isaacs v. Inland Steel Co., 305 Ky. 777, 205 S.W.2d 681; Kentucky West Virginia Gas Co. v. Thompson, 301 Ky. 287, 191 S.W.2d 571.

There is no allegation that the appellant acted arbitrarily, wantonly or maliciously, so the appellant's motion for a peremptory instruction at the conclusion of all of the evidence should have been sustained.

Since the judgment must be reversed, it is unnecessary to consider the other reasons assigned.

Judgment is reversed for proceedings consistent with this opinion.