**ELK HORN COAL CORP. et al.
v. JOHNSON.**

Court of Appeals of Kentucky.
March 14, 1952.

As Modified on Denial of Rehearing
June 13, 1952.

Howard & Francis, Prestonsburg, for appellants.

Napier & Napier, Hazard, for appellee.

LATIMER, Justice.

This action was instituted by appellee to recover damages from appellant. Appellee alleged that appellant removed a seam of coal from beneath appellee's house, yard, garden and premises which caused appellee's property to subside, thereby causing the foundation of his house to crack and give way; the well, which was located in the basement of his house, to be destroyed; and a pressure tank for storage of water for family use to be ruined. The jury returned a verdict for $4,000 and judgment was entered thereon.

Appellant is here urging as grounds for reversal: (1) motion for a directed verdict in its favor should have been sustained; (2) the instructions given to the jury did not correctly state the law of the case and were prejudicial to the substantial rights of appellant; and (3) the verdict was excessive and based on incompetent testimony.

We shall first consider the matter of motion for a directed verdict. To support the position that this motion should have been sustained, appellant contends that it had a superior estate in this property by reason of its mineral deed, and, therefore, could do all the things complained of by appellee unless such powers were exercised wantonly or maliciously.

The obligations and liabilities of the mineral owner are to be determined by

the rights granted in the covenant of conveyance and those reserved by the grantor. In the deed conveying the mineral rights we find these provisions:

"And in the use and occupation of said land and surface thereof in any and all manner hereunder, and in the exercise of the rights and privileges herein bargained, sold, granted or conveyed or any or all of them, by the party of the second part, its successors and assigns, it, said party of the second part, its successors and assigns, shall be free from, and it and they are hereby released from any and all liability or claim of damage to the said parties of the first part, their heirs, representatives and assigns, occasioned by or resulting directly or indirectly from such use or occupation, or the exercise of said rights or privileges, or any or all of them.

"But there is reserved to the parties of the first part all the timber upon the said land except that necessary for the purpose hereinbefore mentioned; and there is also reserved the free use of said land for agricultural purposes so far as such use is consistent with the rights hereby bargained, sold, granted and conveyed; and the right to mine and use coal for their own personal household and domestic purposes."

By the above, it is noted that the reservation of the surface for agricultural purposes must be "consistent with the rights hereby bargained, sold, granted and conveyed", and the operator is released from "any and all liability or claim of damage to the said parties of the first part, their heirs, representatives and assigns, occasioned by or resulting directly or indirectly from such use or occupation, or the exercise of said rights or privileges, or any or all of them".

■ These provisions appear to be broad enough to cover almost every conceivable use to which the operator may exercise his right in mining and marketing the coal without liability to the surface owner. If the operator fails to comply with the spirit of the covenants and reservations without sufficient excuse for his failure, there arises a liability. In its finality, the liability of the mineral owner and the right to damages rests upon the right of the surface owner to surface support. The owner of the surface has the right to surface support unless excepted from the grant. This right and the liability of the mineral owner for damages for failure to support may be waived either by expressed or implied covenant. Case v. Elk Horn Coal Corporation, 210 Ky. 700, 276 S.W. 573; 58 C.J.S. Mines and Minerals, § 220, p. 573. Here we have the express waiver. After a description of the property there was bargained, sold, granted or conveyed certain rights, among them "the right to remove all pillars and other lateral and subjacent supports without leaving pillars to support the roof or surface". This is an expressed waiver of the right to subjacent support.

■ Appellee has the right to the use of the surface, but clearly that right must yield to and be consistent with the rights that were "bargained, granted and sold". The mineral owner will not be liable unless it exercised its power wantonly or maliciously. If appellant did what it had a right to do under the grant in a lawful way without invasion of the legal rights of the surface owner, it cannot be held liable for damages.

■ Consequently, the matter of the right to a peremptory instruction must stand or fall in the light of the surrounding facts and circumstances. We do not feel disposed to say that the acts of the mineral owner were within or entirely without the zone of wantonness, maliciousness or arbitrariness. We are not passing on that question. However, if upon another trial there is evidence of probative value that the operator was arbitrary, wanton or malicious or so grossly negligent as to amount to wantonness and maliciousness the question should be submitted to the jury under a proper instruction. Since there was failure to consider this question, the cause must be reversed.

It is readily observable that it is unnecessary to discuss the other questions raised.

The judgment is reversed for proceedings consistent herewith.

COMBS, J., not sitting.