384

ELKHORN COAL CORP. et al.
v.
YONTS et al.

Court of Appeals of Kentucky.

Nov. 13, 1953.

J. W. Howard, Fred G. Francis, Prestonsburg, for appellants.

Napier & Napier, Hazard, for appellees.

CAMMACK, Justice.

The Elkhorn Coal Corporation is appealing from a judgment in the sum of $2000 in favor of the appellees for alleged damages to a water well. The Corporation urges that (1) the mineral deed under which it claims embraces subterranean waters; and (2) a directed verdict should have been given in its favor because there was no proof showing that its mining operation was done in wanton and malicious disregard of the appellees' surface rights.

By mesne conveyances the Corporation became the owner of the minerals and mineral rights under a deed executed by the Yontses in 1912. We quote the part of the deed under which the Corporation claims to be the owner of the subterranean waters:

"* * * all coal, minerals and mineral substances and products; all oils and gases; all salt mineral waters; all fire and potters clay; all iron ores; all stone; all slate; all ores and mines; and all subterranean substances and products, and all combinations of same, or any or all of the same; situated, lying and being in, on or under the hereinafter described land, or that may hereafter be found thereon, therein or thereunder; * * *."

The deed reserved to the Yontses certain timber rights and free use of the land for agricultural purposes and the privilege of clearing. The surface use was to be consistent with the rights bargained, sold, granted and conveyed under the mineral deed.

The Corporation contends that the mineral deed was broad enough to include subterranean waters because of the use of the terms, "mineral," "mineral product" and "mineral substance." With this contention we can not agree. The deed included "all salt mineral waters," not "all waters."

The appellees charge that the Corporation wrongfully, maliciously and wantonly mined coal from under their premises without leaving adequate pillars to support the roof of the mine, and thereby caused a water well which had been drilled some years before to go dry. The well was 58 feet deep and the bottom of it was 72 feet above the roof of the mine. The appellees drilled another well down through and below the mine tunnel, but the water from it could not be used for domestic purposes.

■ Generally speaking, the basis of liability for injury to property in a case such as this is either negligence or nuisance. United Fuel Gas Co. v. Sawyers, Ky., 259 S.W.2d 466. The question of negligence in such a case must be viewed in terms of the rights granted the owner of the minerals and those reserved to the owner of the surface. Elk Horn Coal Corp. v. Johnson, Ky., 249 S.W.2d 745. In the Johnson Case we had under consideration a broad mineral deed such as the one now before us. There we said that the question was one for the jury if there was evidence of probative value showing that the mining operation was done in a manner so grossly negligent as to constitute wantonness and maliciousness.

■ In this case at least two-thirds of the coal was left unmined in the vicinity of the Yonts house. This was a considerably larger amount than would have been left in usual mining operations. There were no breaks in the mine roof or water leaks under the well. Furthermore, there were no cracks or cave-ins on the surface. We have noted that the charge was that the Corporation wrongfully, maliciously and wantonly mined coal from the Yonts premises. We find no proof supporting this allegation. Under the circumstances, a directed verdict should have been given in favor of the Corporation.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.

COMBS, J., not sitting.