**ELKHORN COAL CORP. et al.**

**v.**

**JOHNSON.**

Court of Appeals of Kentucky.

Dec. 18, 1953.

J. Woodford Howard, Fred G. Francis, Prestonsburg, for appellants.

Napier & Napier, Hazard, for appellee.

CULLEN, Commissioner.

Luther Johnson sued the Elkhorn Coal Corporation for damages to his house and water well alleged to have resulted from the mining of coal under his premises by the coal company. He recovered a judgment in the amount of $4,000. On appeal to this Court the judgment was reversed. Elkhorn Coal Corp. v. Johnson, Ky., 249 S.W.2d 745. In the opinion it was pointed out that the deed of mineral rights to the coal company expressly granted the company the right to remove pillars and other subjacent supports, and released the company of any liability for damage to the surface of the land. This Court held that, in view of the terms of the deed, the company could be held liable only upon proof that it conducted its mining operation in an arbitrary, wanton or malicious manner, and since the case had not been tried on that theory, it was remanded for a new trial.

Upon the second trial, the jury awarded damages in the sum of $2,000, under an appropriate instruction requiring the jury to find that the company's conduct was arbitrary, wanton or malicious. From the judgment entered upon that verdict the company has again appealed, maintaining that it was entitled to a directed verdict.

Taking Johnson's evidence in its most favorable light, it establishes only that the company removed coal from a seam some 12 feet below the basement floor of Johnson's house, against Johnson's wishes and despite his protests. There is absolutely no evidence that the company conducted the mining work in a reckless or wanton, or even negligent manner. On the contrary, the proof is uncontradicted that the company used only light charges of dynamite, after cutting below the seam with an electric cutting machine, and that the entries were heavily timbered.

■   Under its deed, the company had the right to remove coal from beneath Johnson's house, without leaving any pillars or subjacent supports. The mere exercise of that right cannot of itself be classified as arbitrary, wanton or malicious conduct. Isaacs v. Inland Steel Co., 305 Ky. 777, 205 S.W.2d 681.

■   It is clear from our decisions that it is the *manner* of the mining operation, rather that the mere fact of carrying on the operation, that will determine the liability for damages in cases of this nature. Elkhorn Coal Corp. v. Johnson, Ky., 249 S.W.2d 745; Elkhorn Coal Corp. v. Yonts, Ky., 262 S.W.2d 384.

■   It is our opinion that the coal company was entitled to a directed verdict, and if upon another trial the evidence is substantially the same the court will direct a verdict for the company.

The judgment is reversed, for proceedings consistent with this opinion.

COMBS, J., not sitting.