John M. TOLLIVER and Anna Tolliver, his Wife, Appellants,

v.

PITTSBURGH–CONSOLIDATION COAL COMPANY, Inc., Appellee.

Court of Appeals of Kentucky.

May 11, 1956.

Harry M. Caudill, Whitesburg, for appellants.

Harry L. Moore, Whitesburg, Allen Prewitt, Frankfort, Eugene B. Cochran, Louisville, for appellee.

CAMMACK, Judge.

The appellants, as owners of an undivided interest in the surface of lands being mined by the appellee, instituted this action to enjoin an alleged nuisance, namely, the operation of the appellee's coal tipple and washing plant. They sought. also to recover damages allegedly resulting to their surface rights from that operation. The trial judge dismissed the complaint on the appellee's motion for summary judgment. Apparently, he concluded that the broad language of the appellee's mineral deed authorized the operation in question.

The appellants urge a reversal on the grounds that (1) the deed does not authorize the operation; (2) even if it did, some 10 acres were excluded from the mineral deed and the appellee is liable for damages to that portion of their lands; and (3) damages resulting from wanton misconduct of the appellee in its operations are actionable under the mineral deed. The appellee insists that the judgment should be affirmed because (1) the mineral deed authorized the washing operation and the accompanying dust; (2) the appellants are estopped to claim relief since they acquired their interest in the lands long after the mining operations were begun; and (3) the co-owners of the surface rights were indispensable parties and the failure to join them as plaintiffs required the dismissal of the complaint.

"Indispensable parties" are those having an interest of such a nature that a final decree can not be made without affecting that interest, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience. Shields v. Barrow, 17 How. 129, 130, 15 L.Ed. 158, 160. Considering the facts of the case before us, and the type of action pursued, we think the failure to join the co-owners of the surface rights as plaintiffs does not compel a dismissal of the action.

The mineral deed under which the appellee claims its right to operate the washing plant contained the following provisions:

"* * * to use and operate the said land and surface thereof, * * * * * * in any and every manner that may, * * * be deemed necessary or convenient for the full and free exercise and enjoyment of any and all the property, rights and privileges hereby * * * conveyed, including, but not limiting to, * * * the right to build, erect, alter, repair, maintain and operate upon said land, and at its option to therefrom remove, any and all houses, shops, buildings, tanks, derricks, inclines, tipples, dams, coke ovens, store and warerooms, and machinery and mining and any and all equipment, that may, by party of the second part, his heirs or assigns, be deemed necessary or convenient for the full and free exercises and enjoyment of any and all the property, rights and privileges hereby * * * conveyed; and the right to thereupon convert, reduce, refine, store, dump and manufacture the said or any or all of said property, or products, in, upon or under said land, or other land owned, or hereafter acquired by said party of the second part, his heirs or assigns, by purchase, lease or otherwise; and the right to dump, store and leave upon said land any and all muck, bone, shale, water or other refuse from said mines, wells, ovens or houses, and any and all matters and products that may be excavated from mines or produced by the exercise or

enjoyment of any or all the property, rights and privileges hereby bargained, sold, granted or conveyed;

"* * * and the right to use said land for removal or storage of the products taken out of any other lands owned, or hereafter acquired by party of the second part, his heirs or assigns by lease or otherwise * * *;

"And in the use and occupation of said land and surface thereof in any and all manner hereunder, and in the exercise of the rights and privileges herein bargained, sold, granted or conveyed or any or all of them, by the party of the second part, his heirs and assigns, it, said party of the second part, its successors and assigns, shall be free from, and it and they are hereby released from any and all liability or claim of damage to the said parties of the first part, their heirs, representatives and assigns, occasioned by or resulting directly or indirectly from such use or occupation, or the exercise of said rights or privileges or any or all of them."

■■ We think it is clear that the deed contemplated the right to employ any mining method which the grantee deemed "necessary or convenient," without liability for damages to the surface owners resulting from the use of such methods. Hence, even if the resulting conditions constitute a "nuisance," the grantee is not only permitted to maintain the operation, but is absolved of liability for damages as well. We think the tipple and washing plant and the undesirable conditions accompanying their use are authorized by the foregoing provisions of the deed.

■ Although the mineral deed authorizes the use of the surface for purposes of "necessity or convenience," in the exercise of the mining rights conveyed, the grantee is not thereby absolved of liability for damages resulting from arbitrary, wanton or malicious conduct. See Fourseam Coal Corp. v. Combs, Ky., 246 S.W.2d 988; Inland Steel Co. v. Isaacs, 283 Ky. 770, 143

S.W.2d 503; Pike-Floyd Coal Co. v. Nunnery, 232 Ky. 805, 24 S.W.2d 614.

■ Under CR 56.03, a summary judgment is proper only when no genuine issue of material fact exists. See Watts v. Carrs Fork Coal Company, Ky., 275 S.W.2d 431. The complaint filed by the appellants-plaintiffs alleged that the appellee-defendant acted with a "wanton disregard for the lives and property" of the plaintiffs. This allegation was denied by the appellee, and hence a genuine issue of fact arose. Therefore, the summary judgment must be set aside, and the issue of wantonness tried.

It is apparent that the mineral deed did not absolve the grantee of liability for damages to the surface rights on lands not covered by the deed. The appellee's contention that the appellants are estopped to claim damages to the 10 acres not included in the mineral deed is based upon factual conditions which may be more fully developed when the case is considered again.

The judgment is reversed for proceedings consistent with this opinion.