SAM Q. RICHARDSON v. LONE STAR SALT COMPANY.

Decided February 22, 1899.

1. Prescription—Nuisance—Obstruction of Street.

No right to obstruct a public street can be acquired by limitation in this State, against either the public or an individual peculiarly affected by the nuisance.

2. Same—Estoppel—Acquiescence—Mere Silence.

Mere silence or failure to object while a permanent and expensive work constituting a nuisance and obstruction of a public street is under construction, will estop neither the public nor a property owner sustaining special damage thereby from maintaining suit to abate it.

APPEAL from Van Zandt. Tried below before Hon. J. G. RUSSELL.

*Felix J. McCord,* for appellant.

*McCormick & Spence,* for appellee.

FISHER, CHIEF JUSTICE.—This action was brought by the appellant against the appellee to abate certain nuisances in the nature of obstructions in Richardson and Frank streets and Pacific Avenue of the town of Grand Saline. These obstructions were placed in the streets and continued there by the appellee. Judgment below was rendered in favor of appellant to the extent only of abating the obstruction in Richardson Street, and the court declined to render judgment in favor of appellant abating the obstructions in Pacific Avenue and Frank Street.

It appears from the facts that the tract of land upon which the town of Grand Saline is located was originally owned by the appellant, Sam

Q. Richardson, and that he sold the part upon which the town was located. The Texas Railway Company laid off the land into lots, blocks, and streets, and had the same platted, and sold lots with reference thereto. And in this connection it is well to say that the facts, in effect, show a dedication of the streets in question to the public. Richardson Street, it seems, was the west boundary line of the town as laid out by the Texas Pacific Railway Company, and Pacific Avenue, Frank Street, and Garland Street were streets running east and west. In February, 1890, the Texas Pacific Railway Company sold to the appellee, the Salt Company, certain lots in blocks 17, 18, 7, and 8, upon which they subsequently erected their salt works. These lots were sold with reference to the plat of the town of Grand Saline as prepared by the Texas Pacific Railway Company.

The appellant, Richardson, laid out an addition to the town commencing on the west of Richardson Street and extending west. This addition was laid out into blocks, lots, and streets, and the streets were made to conform to those that had been previously laid out by the Texas Pacific Railway Company. In other words, Garland Street, Frank Street, and Pacific Avenue were extended on west through Richardson's addition, the same width as in the Texas Pacific addition, and forty feet was by the appellant added to Richardson Street, so as to make that street eighty feet wide. When the addition was laid out it was platted, and the appellant testifies that it was recorded in the records of Van Zandt County and was of record when the defendant bought of the railway company.

The facts show that Richardson Street and Pacific Avenue were obstructed by the defendant by constructing thereon a large tank of water, and that a part of defendant's buildings are in Pacific Avenue, and that avenue has also been used by the defendant as a woodyard, and that defendant has obstructed Frank Street by placing wood therein and by building part of its works across it. The business part of the town of Grand Saline is east of the property owned by the appellant, known as Richardson's addition, and that, before these obstructions were placed in the streets by the appellee, Frank Street was the main thoroughfare of the town coming from the west. The appellee commenced to place obstructions in the street about 1891, and Frank Street was finally obstructed in the year 1895.

The facts show that the appellant never, in any manner, consented or agreed to the placing of these obstructions in the street, and the evidence clearly shows that such obstructions have resulted in a depreciation of the value of the lots in his addition.

The appellant expresses no dissatisfaction as to so much of the judgment as abates the nuisance in Richardson Street, but contends that the obstructions in Pacific Avenue and Frank Street should have been ordered removed.

The court below gave the following charge:

"If you believe from the testimony that, at the time the original plant of the defendant company was laid out and the construction thereof com-

menced, the plaintiff knew that said plant was about to be or was being constructed so as to obstruct the streets of Grand Saline mentioned in plaintiff's petition, and that the plaintiff made no objections thereto, and that said plant was so constructed by the defendant at a large expenditure of money without objection by the plaintiff, and that defendant would not have so constructed its said original plant had plaintiff objected thereto, and that said plant, as originally contemplated and constructed partly on said streets, was of a permanent character, and that additions thereto were subsequently made at a large expenditure of money on the part of defendant, and that the plaintiff knew of said extensions at the commencement of or during their erection and still made no objection thereto until after said plant had been completely constructed as it existed at the institution of this suit, and that subsequently to said constructions differences arose between the defendant and plaintiff which caused plaintiff to withdraw his acquiescence and consent to the construction and maintenance of said plant, and that said plant can not be reconstructed by the defendant without the expenditure of a large sum of money, then you are instructed that the plaintiff can not recover herein on his claim for abatement of the obstructions of the streets of Grand Saline caused by the construction of said plant on said streets."

This charge is complained of by an assignment of error, and we agree with the appellant that the charge is unwarranted by the facts in the record. The only evidence bearing upon this question is that the appellant may have known and evidently did know that the obstructions were being placed in the streets by the appellee, and that some of them were of a costly nature.

There is no evidence in the record whatever as to any act, word, or conduct upon the part of the appellant that would have induced or lead the appellee to believe that the appellant acquiesced in or consented to the erection of the nuisances. He testifies positively that he did not consent, and in this he is not contradicted, and the only fact whatever bearing upon this question is that he did not formally protest and he remained silent during the time that the obstructions were being placed in the streets. There was no evidence whatever of acquiescence independent of the silence of plaintiff and some delay in invoking a remedy to abate the nuisance.

Under the present statutes of this State, it is clear that no right in the obstruction of a public street can grow up on the ground of limitation, for the statute in such a case expressly declares that limitation shall not run. The appellee must have known when it placed the obstructions in the streets, they being in the nature of a public nuisance, that as against the rights of the public no rights could ripen in it by the lapse of time, and when these encroachments were made, the appellee must have known that it was a wrongdoer and violator of the law, which not only affected the rights of the public in their easement in the street, but also the rights of any individual whose interests were peculiarly affected by reason of the obstruction; and that, if such was the case, the individual would have

the same right as the public to abate the nuisance, and it could no more assert the defense of limitation in such a case than it could if the remedy had been invoked by the public.

Now, the evidence upon this subject clearly shows that the obstructions to these streets have depreciated the value of the lots in the appellant's addition to the town,—the evidence of which was on record at the time the appellee obstructed the streets. Consequently it must have had notice that the rights of the plaintiff would be affected by its wrongful conduct.

In Shephard v. Barnett, 52 Texas, 640, it is said that the depreciation in the value of the lots by reason of the obstruction of streets leading thereto constitutes such a particular injury to the owner of the lots as would permit him to maintain an action to abate the nuisance. Such being the situation of the appellant, he would have the same right that the public would have to take proper steps looking towards a removal of the obstructions to the streets.

Now, it remains to be seen whether he could be deprived of his right in this respect simply by his silence during the time that a wrongdoer is violating the law. In Railway v. Donahoo, 59 Texas, 132, the court says: "We are not aware of any rule of law which deprives any person of the right to recover whatever damages such person may sustain, simply because the injured person remains silent, or does not indicate to a wrongdoer, while the act from which the injury received is being committed, that full damages will be sought for the injury resulting from the wrongful act. It is not contended that the plaintiff did any act which misled or induced the defendant to do what it would not otherwise have done; but, on the contrary, it appears that she refused to grant the right of way."

This expression, it is true, occurs in an action for damages, and while the action here is one in the nature of an injunction to abate or restrain the continuance of a nuisance, still, in our opinion, the same principle applies. A wrongdoer ought not to be encouraged in the commission of a wrong simply because there is no formal protest against his conduct; and he ought not, in all cases, to be permitted to assume that, because the injured party remains silent, he assents to the injury to his property.

A rule more in harmony with the orderly acquisition or assertion of rights and with natural justice would require of the wrongdoer in advance the permission or consent of the party to be injured by the trespass. And it has been frequently held that mere delay or silence, without acquiescence, will not constitute an estoppel. 59 Texas, supra; 16 Am. and Eng. Enc. of Law, 961; Knouff v. Thompson, 16 Pa. St., 364; Kingman v. Graham, 51 Wis., 246.

What is here said in effect disposes of the other questions raised in the brief. For the reasons stated, the court erred in giving the charge complained of. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*