## Pike-Floyd Coal Company v. Nunnery et al.

(Decided December 20, 1929.)

(As Modified on Denial of Rehearing March 11, 1930.)

806

A. J. MAY for appellant.

JAMES & HOBSON for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

Appellees instituted this action against the appellant to recover damages occasioned to them because appellant made a dump heap from a coal mine on their lands. Appellant brought the waste material from another leasehold on which it was operating and dumped it on the lands of appellees. Appellant claims that it had the right to make the deposit on the lands of appellees under the mineral deed covering the lands of appellees which had been assigned to it. The mineral deed was executed on the lands belonging to appellees before they acquired it, and that title has passed by regular transfers to appellant.

The jury returned a verdict in favor of appellees for $1,500. The correctness of that verdict depends upon the proper construction of the contract, and whether the evidence supports the verdict, and whether the instructions of the court to the jury were free from error. The provisions of the contract, the meaning of which must be determined, is as follows:

"Do hereby bargain sell grant and convey unto the said party of the second part, the following property rights and privileges, in, of, to, on, under concerning and appurtenant to the hereinafter described tract of land, which said property rights and privileges as follows to-wit: All coal, minerals and mineral products, all the oils and gases all salt minerals and salt water, fire and potters clay, all iron and iron ore, all stone and such of the standing timber as may be or by the Grantee his heirs or rep-

resentatives its successors or assigns be deemed necessary for mining purposes, and including timber necessary for railroads or branch lines thereof, that may hereafter be constructed upon said land and the exclusive rights of way for any and all railroads and ways and pipe lines that may hereafter be located on said property by the Grantee, his heirs or representatives its successors, or assigns or by any person or corporation under authority of said Grantee, his heirs or representatives or its successors or assigns in, of, under concerning or appurtenant to the hereinafter described tract of land, together with the rights to enter upon said lands, use and operate the same and surface thereof, and make use of and for this purpose divest water courses thereon, in any and every manner that may be deemed necessary or convenient for mining, and therefrom removing or otherwise utilizing the products of said minerals and for the transportation therefrom of said articles, and the right to use of such as well for the removal of the products taken out of any other lands, owned or hereafter acquired by the Grantee, his heirs or representatives, its successors or assigns, and the right to erect upon the said land, maintain use and at pleasure, remove therefrom all such buildings and structures as may be necessary or convenient to the exercise and enjoyment of the property, rights and privileges hereby bargained, sold, granted or conveyed; and in the use of said land and surface thereof, by the Grantee his heirs or representatives its successor or assigns, Grantee and his heirs representatives, successors and assigns shall be free from, and is, and are, hereby released from liability or claim of damages to the said Grantors their representatives heirs and assigns. Free access to, upon and over the said land is hereby conferred upon the Grantee, his heirs and representatives its successors and assigns for the purpose of surveying and prospecting the aforesaid land, property rights privileges and interests.''

The particular language is that which relates to the right of appellant to use the lands of appellees in connection with its mining operations on other lands. As we construe the contract, it confers the right on appellant to use the lands of appellees to transport its minerals taken

from other lands, that is, it has an easement over the lands of appellees which may be used in connection with the transportation of mineral products from other lands.

We recognize the rule contended for by appellant that deeds granting specified rights and privileges, in addition to the minerals granted, should be construed most strongly against grantors in such deeds, and in favor of the grantees, as was held in McIntire v. Marion Coal Co., 190 Ky. 342, 227 S. W. 298, and in Case v. Elk Horn Coal Corporation, 210 Ky. 700, 276 S. W. 573. But the rule can be invoked only when there is an ambiguity in the deed. There is nothing in the contract under consideration which gives to appellant the right to place its refuse on the lands of appellees.

Where the mineral deed confers upon a grantee the use of the surface of a tract of land in the prosecution of its business for any purpose of necessity or convenience, the grantee cannot be held responsible in damages for exercising its right, unless it acted arbitrarily, wantonly, or maliciously. Bailey-Ferguson Coal Co. v. Kennedy, 219 Ky. 819, 294 S. W. 467.

Under a deed such as this, the grantee may make a reasonable use of all of the rights conferred upon it by the terms of the deed without incurring liability for damages, but it may make no use of the surface that is unauthorized without being responsible therefor. Nebo Consolidated Coal & Coking Co. v. Lynch, 141 Ky. 711, 133 S. W. 763; Crabtree Coal Mining Co. v. Hamby's Adm'r, 90 S. W. 226, 28 Ky. Law Rep. 687. We conclude, therefore, that appellant is responsible to appellees for any damage occasioned to them by reason of dumping refuse on their lands from another operation not located on the land. The evidence, however, is not very satisfactory as to the amount of damage occasioned by what was done. It is shown that less than five acres of land was actually covered by the waste material. There is proof that this dump heap makes access to other parts of the farm difficult, if not impossible. The witnesses are too general in their statements as to the amount of damage. The proof should be confined to the value of the land actually occupied by the dump heap, and the damage to the residue of the tract by reason of the condition in which it is left, but the entire damage should not exceed the difference in the fair market value of the farm immediately before the dump heap was placed on it, and the fair market value immediately thereafter.

The instructions of the court should have been the same as in a condemnation proceedings. We express no opinion as to the amount of damages that may have been sustained by appellees.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.