## Consolidation Coal Co. v. Mann.

June 23, 1944.

E. C. O'Rear, Allen Prewitt and Wells & Wells for appellant.

Meade & Meade for appellee.

Opinion of the Court by Van Sant, Commissioner
—Reversing.

In the year 1936 appellant, Consolidation Coal Company, commenced dumping refuse, coal, slate, debris, and track cleanings, at the entrance of one of its mines at the mouth of the W. E. Porter Hollow in Johnson County. In March of 1941 the materials in the heart of the dump were ignited by spontaneous combustion, and smoke began to percolate through the surface of the dump. In May of that year the fumes were escaping in such quantities as to travel a distance of 2,770 feet "as the crow flies," and pollute the air in and around the dwelling house of appellee, Lon Mann. Such pollution was not constant, but occurred only when the atmosphere was so heavy and the wind so unfavorable as to prevent the smoke and fumes from being dissipated and diluted at or near the dump, as they were on clearer days. The condition has existed without abatement since May, 1941, and it was proved beyond doubt that the fire now cannot be extinguished. As a result of the pollution of the air at frequent intervals, appellee's residence was rendered uninhabitable, and the rental value of a tenant building on his property was reduced. This action was filed for damages resulting from the alleged negligent act of the defendant, in maintaining the dump. Judgment was entered on a verdict in favor of appellee in the sum of $900. As grounds for reversal, appellant contends (1) that it was entitled to a peremptory instruction at the close of all the evidence; (2) that the court erred in admitting incompetent evidence and rejecting competent evidence; (3) that the court erred in his instructions to the jury; and (4) that the damages were excessive. In view of the conclusion hereinafter expressed, we deem it unnecessary to discuss the soundness of the abstract theory contended for by appellee,

viz., that the operator of a lawful business may be held liable in damages for injury to adjacent property necessarily resulting from careful and prudent operation of the business.

Appellant commenced mining operations at its present location in the year 1911. For that purpose it purchased the minerals under a large boundary of land in the vicinity of its operation, including the minerals underlying the property of appellee. Honorable John C. C. Mayo, appellant's predecessor in title, purchased the minerals under appellee's surface from appellee's predecessor in title. In addition to the minerals, the deed conveyed the "right to enter upon said land (appellee's), and use and operate the same, and the surface in all and any manner that may be deemed necessary and convenient by the said party of the second part, heirs and assigns, for mining and removing therefrom all the said minerals and products, and the manufacture of the same, and shipping the said articles and products above named, as well as to remove the products taken out of any other land owned by the party of the second part, his heirs, vendees and assigns, or from any land which they may hereafter acquire, with the exclusive right to erect thereon, maintain and remove therefrom all such structures as may be deemed necessary or convenient by the said second party, heirs, vendees or assigns, in the free and full exercise of the enjoyment of the rights and privileges herein granted." When appellee acquired title to the surface, he was fully aware that the property and the entire vicinity in which it is located would be used for the purpose of mining coal, and that mining minerals under his land was only a part of, and incident to, the larger operation extending throughout the entire community. It will be presumed conclusively that he knew, as all men know, that in the mining of coal it is necessary to maintain dumps similar to the one complained of in his petition. The evidence shows that such dumps almost invariably become ignited by spontaneous combustion, in which event the fires cannot be extinguished, and smoke, gases, and noxious odors will emit therefrom. By accepting title to the surface of the property burdened with the rights and privileges acquired by appellant under the deed from appellee's predecessor in title, appellee virtually licensed appellant to maintain the nuisance of which he now complains. Since appellant's deed to the minerals underlying appellee's

surface expressly granted to appellant the right to use such surface in conjunction with the entire mining operation contemplated by appellant, appellee is estopped to complain of a condition necessarily incident to such operation, whether the condition be located on his own property or property adjacent thereto. The courts will presume, when one acquires property under these circumstances, that the purchase price of the property was reduced to compensate the purchaser for any annoyance, inconvenience, or injury the owner thereafter might suffer by reason of the rights and privileges previously granted by the then owner of the fee. We think the case falls within the rule stated in 39 Am. Juris., Sec. 199 p. 475:

"A right to maintain a private nuisance may rest in a license from the individual affected by the licensee's offensive conduct. In an action seeking redress for such a nuisance, if the defendant can show an authorization from the plaintiff he thereby completely discharges himself from liability. So, a structure cannot be complained of as a nuisance by a person who has licensed its construction. But a license to carry on a particular business or trade does not give permission to carry it on in such a manner as to constitute a nuisance, at least, in the absence of proof that it could not, in a practical sense, be carried on otherwise.

"Where the right to maintain the nuisance amounts to an easement, it has been held that a license or authorization to maintain it must rest in an express grant in order to confer a right that is beyond the power of the licensor to revoke, and that a parol license may be revoked notwithstanding the fact that expense has been incurred in reliance thereon. The effect in this respect of a provision in a deed as to the purposes for which the land may be used depends upon the intention of the parties, as ascertained from the terms of the instrument, interpreted by the surrounding circumstances."

There is no showing that appellant acted arbitrarily, wantonly, or maliciously, in placing the dump in the location complained of, and the evidence shows conclusively that the mining operation could not, in a practical sense, be conducted without placing the dump in its present location, or in a location which would be equally annoying to appellee or some other owner of adjacent property. The case is distinguishable from the case of

Pike-Floyd Coal Co. v. Nunnery, 232 Ky. 805, 24 S. W. 2d 614; there, the damage complained of was the taking of a portion of the surface of the plaintiff's land as a repository for refuse from adjacent property, and which the Court held was not in contemplation of the parties under a contract almost identical in its terms with the deed under consideration in this case. In this case, we believe that the placing of the dump complained of, or one similary located, was contemplated by the parties in executing both the deed of appellant to the mineral rights and the deed of appellee to the surface. The trial court should have sustained appellant's motion for a peremptory instruction at the conclusion of all the evidence. It is unnecessary to consider the other reasons assigned for reversal.

The judgment is reversed, for proceedings consistent with this opinion.

Whole Court sitting.