**SUNRAY OIL CORP.**

v.

**SHARPE et al.**

**No. 14651.**

United States Court of Appeals
Fifth Circuit.

Jan. 29, 1954.

Rehearing Denied March 16, 1954.

Hutcheson, Chief Judge, dissented in part.

938

J. Burleson Smith, San Antonio, Tex., Cox, Patterson & Smith, San Antonio, Tex., for appellant.

James L. Lattimore, Corpus Christi, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

This is an action by the appellees to recover damages for personal annoyance, inconvenience, and depreciation in the value of property, caused by the operation of appellant's gas dehydration and compression plant, located in Texas near the residences of the appellees. The appellees complain of the maintenance of a temporary and permanent nuisance by the appellant in the operation of said plant. The court below granted appellant's motion for a directed verdict as to all damages for a temporary nuisance, and as to all allegations of negligence by the defendant; and submitted only the issue of a permanent nuisance to the jury, which found that both appellees were entitled to damages for the decrease in value of their property and for personal inconvenience and annoyance. From the judgment entered upon the verdict, the defendant appealed. The main issue is whether the appellees are estopped to claim damages for a permanent nuisance. If they are not so estopped, there is an issue as to whether their claim is barred by the two-year statute of limitations.

In September, 1945, Mrs. Marek, one of the appellees, conveyed by deed to appellant's predecessor four acres of her fifty-acre tract, said land to be used by the latter for the construction and maintenance thereon of a gas compression plant, or dehydration station, with equipment and apparatus therefor. Prior to the conveyance, Mrs. Marek asserts that a representative of the appellant assured her that the operation of said plant would not interfere with her enjoyment of her residence, which was located about eleven hundred feet from the site of said plant. Her daughter corroborates this representation, but the appellant denies that any such statement was made to her. Again, in January, 1949, Mrs. Marek made a similar conveyance to appellant of additional land, the deed reciting the purpose of the conveyance and containing a reversionary clause in the grantor's favor. In July, 1949, M. L. Sharpe, who was Mrs. Marek's son-in-law, purchased from her son John a house located upon the property of Mrs. Marek. This house had been built by John Marek in 1938 under an oral agreement that he should have the opportunity to purchase a portion of the property, including that on which the house was built. By the consent of all interested parties, it was agreed that Sharpe should have the right to purchase the land under the same terms that had been extended to his grantor. Sharpe exercised this right in May, 1952, several months after filing this suit, and bought one acre. He

and his family had lived with Mrs. Marek prior to their moving into said house in July, 1949.

There is substantial evidence to support the verdict, which settled all controverted issues of fact in favor of the appellees. The appellant had enlarged its plant in 1949, and again in 1951, by adding additional engines and cooling towers. After these enlargements the noise and vibration and the deposits of water vapor from the operation of said plant increased to such an extent as to become a nuisance.

The evidence shows that the operation of the plant created a nuisance of such a character as to annoy the appellees, to deprive them of the full enjoyment of their property, depreciate its value, and otherwise injure them in their personal and property rights. Also, it is a nuisance that will continue without change and one that cannot be readily abated at small expense. It is appellant's primary contention that Mrs. Marek is estopped to recover damages or to claim that the operation of said plant constituted a nuisance to her, for the reason that the price paid by appellant for the land is presumed to have included damages to the remainder of the tract. The evidence also clearly indicates that the offensive noise and vibration were not necessary incidents of the operation of said plant. It is not the knowledge of the fact that a plant is to be constructed, but knowledge of the objectionable consequences thereof, which would estop the grantor. Mrs. Marek is not estopped, as the evidence is clear that she did not know or appreciate the effect of the erection and use of said plant; and she did not have reason to believe or to foresee that it would be a nuisance, for the nuisance could be established only by actual operation. See Richardson v. Lone Star Salt Company, 20 Tex.Civ.App. 486, 49 S.W. 647; Marvel Wells, Inc., v. Seelig, Tex.Civ.App. 115 S.W.2d 1011; 39 Am.Jur., Nuisance, Sec. 198.

Appellee Sharpe likewise was not charged with knowledge that the erection of the plant would cause the objectionable consequences. In 1949, when Sharpe purchased his house, there was no indication that the plant would cause vibration or water vapors to be blown over his house. It was only after the enlargement of the plant in 1949 that substantial harm was caused to his property. Sharpe had a possessory interest in being when he commenced this action, and such an interest was sufficient for him to maintain an action for damages resulting from the nuisance, as the gist of such action is interference with the use and enjoyment of the property rather than with the interest in exclusive possession.

Mrs. Marek is not barred by the Texas two-year statute of limitations if her cause of action arose after the 1951 enlargement. The earlier pleadings filed by her alleged that the conditions after the 1949 enlargement were sufficiently offensive to constitute a nuisance; but, by amended pleadings, she alleged that the nuisance arose at a later date. She testified at the trial that, while the 1949 enlargement caused a considerable amount of noise and vibration to her premises, it was not substantial or highly offensive until 1951. The issue as to when the plant's operations became a nuisance to Mrs. Marek was submitted to the jury, which found in her favor. There was sufficient evidence to support such findings by the jury, as liability in damages for a nuisance begins only when the interference causes substantial harm. Hooker v. Farmers' Irr. Dist., 8 Cir., 272 F. 600. See Town of Jacksonville v. McCracken, Tex.Com.App., 232 S.W. 294; American Smelting & Refining Co. v. Godfrey, 8 Cir., 158 F. 225, 89 C.C.A. 139, 14 Ann.Cas. 8.

There was sufficient evidence upon which the jury could ascertain the damages and return a verdict for permanent injury resulting from the nuisance. Furthermore, there was no abuse of discretion on the part of the court below in allowing the amendments, because the appellant was in no manner preju-

diced thereby. The judgment appealed from is affirmed.

Affirmed.

RUSSELL, Circuit Judge (specially concurring).

In my opinion, the facts of this case take it without the rule that one who has licensed a *nuisance* may not recover damages which flow from its existence. The property in question was sold by Mrs. Marek to the defendant's predecessor in title for the operation of a plant of the described kind, without specification of size or exemption from liability for creation of a nuisance. By the verdict of the jury, in answering the special issue on the question of limitations, it is established that not only can such a plant be operated without becoming a nuisance, but that the plant in question was operated for a period of four years without becoming one. Furthermore, the trial judge found that "the offensive noise and vibration" "was not a necessary incident of the operation of such plants. The plant in question operated from 1945 until the fall of 1949 without objectionable consequences. The defendant's own evidence shows that of the ten or twelve additional plants which it operates in other sections of the country, some of which are located in well inhabited areas, no complaint has ever been received." It is therefore unquestioned that such plants can be, and are, operated without creating a nuisance as to adjacent land owners. In these circumstances, as recognized by the trial judge, the grant of land for the purpose of operating a plant, standing alone, should not be held, as a matter of law, to estop the grantor or her privies from asserting a claim for damages when, and if the plant is so operated as to become a nuisance.

HOLMES, Circuit Judge, concurs in the above opinion by Judge RUSSELL.

1. Crawford v. Magnolia Petroleum Co., Tex.Civ.App., 62 S.W.2d 264; State v. Brewer, 141 Tex. 1, 169 S.W.2d 468;

HUTCHESON, Chief Judge (concurring in part and dissenting in part).

As this case presents itself on this appeal, it presents three main questions. They are:

(1) Can Mrs. Marek sustain her judgment for damages for the construction and operation of the structures in this case, when, by her deed in 1949, she expressly gave defendant a license to construct the very installations which she claims create the vibration which causes her injury and it is found by the court, with no exception to the finding, that the installations which Mrs. Marek licensed defendant to construct and operate were not being operated negligently and that they could not in a practical sense be operated otherwise than they have been and are being operated.

The appellant insists that, under this precise language in 39 American Jurisprudence, Sec. 199, page 475, "License from Individual Effected by Nuisance",

"A right to maintain a private nuisance may rest in a license from the individual affected by the licensee's offensive conduct and in an action seeking redress for such a nuisance, if the defendant can show an authorization from the plaintiff, he thereby completely discharges himself from liability. So a structure cannot be complained of as a nuisance by a person who has licensed its construction", citing cases,

Mrs. Marek cannot maintain this suit. In support of this view it cites, in addition to American Jurisprudence, supra, many other cases from Texas [1] and elsewhere. I agree with appellant.

(2) If Mrs. Marek is not cut off by her grant of a license, is she not, under the undisputed evidence in this case, including her own testimony given by deposition and on the trial, that the 1949 installations caused vibration dam-

Texas Power & Light v. Casey, Tex.Civ. App., 138 S.W.2d 594; The Houston & E. T. Ry. Co. v. Adams, 58 Tex. 476.

age to her and her property, avoid the two year statute of limitations merely by stating, as she does, that after they put the sixth engine in in 1951 there was more vibration than there was before it was put in?

Appellant insists that the law, upon the authorities cited by it, is plain, that for a permanent nuisance there is only one cause of action, and limitation as to it begins to run from the time that the nuisance begins to make itself felt, Vann v. Bowie Sewerage Co., 127 Tex. 97, 90 S.W.2d 561. So insisting, it urges upon us that a person who, as Mrs. Marek does, after claiming in all of her petitions except one that the damage began in 1949, in order to avoid limitation, changes her claim in her last petition to claim that the real damage did not begin until 1951, may not do so.

I agree with appellant that this is so. A reading of the record and the authorities relied on by appellant leaves me in no doubt that Mrs. Marek cannot recover either as to the damage to her land or for personal injuries caused by the nuisance. The evidence, including her own testimony, shows without contradiction or dispute of any kind that the construction of this plant was for her benefit as well as for that of the company, and that, in granting the license, she had in mind (1) that her production would be increased, (2) that one or more of her sons would be employed, and (3) that it would be specifically agreed between her and the appellant that she was conveying not the fee to the land but an easement right in it for the use described in the instruments, the construction and operation of a plant, which, according to the findings of the district judge, necessarily gives off vapors and which cannot be operated without vibration.

I think the district judge wrote a thoughtful and most helpful opinion. I think he erred in allowing Mrs. Marek to recover. One of the reasons for this error is, I think, that, though he quoted from Section 199 in American Jurisprudence, above quoted, the statement following the above quotation, in effect that a license to carry on a particular business or trade does not give permission to carry it on in such a manner as to constitute a nuisance, "at least in the absence of proof that it could not in a practical sense be carried on otherwise", he did not give full effect to the fact that by refusing an injunction to abate the nuisance, and by instructing temporary damages out of the case, he had held that the operation licensed by Mrs. Marek "could not in a practical sense be carried on otherwise". This in turn was due, I think, to *his failure to distinguish the question of the effect of the konwledge or absence of knowledge of Mrs. Marek as to what damaging effects would flow from the operation of the plant involved, where the defense was estoppel in pais, from the operative principle of law, where the estoppel arises out of the grant of a license that the grantor and his privies are charged in law with knowledge of what damaging effects would flow,* when the proof shows, as here, that the actual operation of the structure was attended with the damaging effects of, and only of, such a plant when operated properly. He did this, in short, by not clearly enough distinguishing the *estoppel in pais, which arises out of acquiescence or consent, treated of in 39 Am.Jur., Sec. 198,* with the estoppel by deed which arises out of an express license conferred by grant, treated of in Sec. 199.

With deference, the majority has done the same thing by referring to Sec. 198 instead of 199, as stating the principle controlling here.

I think it clear that for this reason the judgment in favor of Mrs. Marek must be reversed and here rendered for appellant.

An additional ground of reversal as to Mrs. Marek is that, as contended by appellant in its answer to question two, her suit was barred by limitation. Under the unitary cause of action rule, which prevails in Texas, Vann v. Bowie Sewerage Co., supra, and cases there cited, governing recovery for a con-

tinuing or permanent nuisance, one affected by the nuisance cannot, by splitting the injurious consequences of the nuisance to him into separate portions and suing only for the portion of the damages which he claims have accrued within the limitation period chosen by him, avoid the bar of the statute. Under this rule, the question, when did the cause of action arise and limitation begin to run, is determined by answering the question, when did the injury from the nuisance become substantial. For it was at that time, and not afterward that the cause of action arose, and within the applicable period of limitation from that time a suit must be brought in which all damages which might reasonably be expected to flow in the future must be liquidated. The action cannot be delayed until the effect of the nuisance has reached its peak. This does not mean that limitation starts to run before the nuisance causes injury. It does mean, though, that it starts to run after substantial injury commences, even though the injury is slight and though it becomes increasingly greater. The Texas cases leave this in no doubt.

(3) Can Sharpe, who purchased from Mrs. Marek after she made the 1949 deed but, having sued earlier, is not barred by limitation, sustain his judgment as to the damage to the value of his property?

Appellant insists that he cannot, and, in support of this insistence, it cites many cases, including Crawford v. Magnolia Petroleum Co., Tex.Civ.App., 62 S.W.2d 264; Vann v. Bowie, Sewerage Co., 127 Tex. 97, 90 S.W.2d 561; Consolidated Coal Co. v. Mann, 298 Ky. 28, 181 S.W.2d 394; and 39 Am.Jur.Cum. Supp. p. 41.

I agree with appellant that he cannot so recover.

As to personal injuries to Sharpe and to members of his family, however, the matter stands differently. Vann v. Bowie Sewerage Co., supra. Cf. the very full and interesting discussion in American Law Reports, Annotated, 142 A.L.R. p. 1307.

I conclude, then, that the judgment should be reversed in part and affirmed in part. It should be reversed entirely as to Mrs. Marek. It should be reversed as to the recovery for the Sharpes of the decreased value of the property. It should be affirmed as to the recovery for the Sharpes and their children for personal injuries. So concluding, I concur in part and respectfully dissent in part.

Rehearing denied; HUTCHESON, Chief Judge, dissenting.