**J. Paul MEYER, Appellant,**

v.

**JEFFERSON COUNTY, Kentucky, et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 27, 1957.

Wallace & Hopson, Louisville, for appellant.

Arthur Coaplen, Louisville, Jo M. Ferguson, Atty. Gen., Hafford E. Hay, Asst. Atty. Gen., for appellees.

SIMS, Judge.

Appellant, J. Paul Meyer, sued Jefferson County and the Kentucky Department of Highways for $25,000 damages alleged to have been done his real estate located in Jefferson County at the intersection of Poplar Level Road (hereinafter referred to as Road) and Durrett Lane (hereinafter referred to as Lane) by reason of the county closing the Lane at or near the point it intersects with the Road and by reason of the Highway Department raising the grade level of the Road adjacent to appellant's property. The claim for damages is based upon the interference with the right of ingress and egress to appellant's filling station caused by raising the grade level of the Road and by closing the Lane. The Road was a part of the state highway system and the Lane was a county road.

After certain facts were stipulated the trial court dismissed the complaint and this appeal followed.

The answer averred that before the grade level of the Road was raised and the Lane was closed at its intersection with the Road appellant by deed conveyed to the Highway Department a certain right-

of-way as well as a certain easement for the construction of the Road according to plans and specifications on file in the office of the Department in consideration of $7,600. The deed minutely described the right-of-way and the easement conveyed, was duly recorded and was filed with the answer as an exhibit. The deed contains this sentence:

"The description of the parcel conveyed by this deed is drawn from the plans of the proposed road on file at the office of the Department of Highways in Frankfort, Kentucky, and this conveyance is made in contemplation of the construction and maintenance of said road according to said plans, which are hereby made a part of this deed."

It is further averred in the answer the plans and specifications were on file in the office of the Highway Department at the time this deed was executed and the land it conveyed was acquired by the Department for highway purposes and the Road was constructed on the right-of-way in conformity with such plans and specifications and appellant "is barred and estopped from claiming anything further from these defendants."

The record contains stipulations that the construction of the Road was made according to the plans and specifications to which reference has just been made, and the Road as it passes appellant's property on the west is from 2½ to 4 feet higher than it was prior to its reconstruction, and the Lane south of his property has been closed as an artery of traffic.

■■ It is manifest appellant is estopped by the deed he executed to the Highway Department from claiming any damages to his property from the reconstruction of the Road which raised the grade level of the new road. This deed expressly recites it "is made in contemplation of the construction and maintenance of said road according to said plans, which are hereby made a part of this deed." For the

very substantial price of $7,600 appellant conveyed to the Highway Department this small strip of land for the purpose of constructing the Road in conformity with the plans and specifications then on file in the office of the Highway Department with which it must be presumed appellant was familiar. Appellant admits the Road was constructed in accordance with these plans and specifications. A grantor is estopped from asserting against his grantee anything in derogation of the deed. Fordson Coal Co. v. Howard, 293 Ky. 138, 168 S.W.2d 588 and authorities therein cited. See also Consolidation Coal Co. v. Mann, 298 Ky. 28, 181 S.W.2d 394.

It was written in Com. v. Geary, Ky., 254 S.W.2d 477, at page 479: "The right-of-way deed carries with it the right in the Department to use the land in such manner as is reasonably necessary in the construction and maintenance of the highway and the consideration for the deed covers such incidental damages as might be incurred in the proper use of the right-of-way." The instant case is stronger than the Geary case because here the deed recites the Road was to be constructed according to the plans and specifications on file in the office of the Department, and the stipulation in the record states the Road was so constructed. In the Geary case it appears the Highway Department had a deed for the right-of-way which made no mention of the plans or specifications under which the road was to be built. Clearly, in the circumstances presented by this record appellant is estopped from making any claim for damages to his real estate by reason of raising the grade level of the Road or in closing the Lane at its intersection with the Road, so as to interfere with the right of ingress and egress to and from his filling station.

Briefs on both sides contain interesting discussions on the question of whether or not appellant as a general proposition may recover for the interference with the right of ingress and egress to his filling station by reason of raising the grade level of

the Road and by closing the Lane where it intersects therewith. However, we do not reach this question because appellant's deed to the Department clearly estopped him from making any claim for such damages. For the same reason we do not reach the question of whether or not the Lane was closed in accordance with the provisions of the statute.

The judgment is affirmed.