**HI HAT ELKHORN MINING COMPANY,**
Appellant,

v.

**Ted NEWMAN, Appellee.**

Court of Appeals of Kentucky.

Dec. 8, 1961.

wise processing of coal mined on both appellee's property and other tracts. The jury was instructed appellant had no right to injure the surface by discharging refuse from coal brought in from other lands, and it awarded appellee $2500.

Appellant's principal contention is that under a standard mineral deed it could legally process coal and dump refuse on appellee's land regardless of the source of the coal. The right to do so, if it exists, arises from a provision of the mineral deed which permits appellant to use the surface of appellee's land "for the removal over and through said land, (of) the products taken out of any other land owned or hereafter acquired" by appellant. That such a provision does not give the right contended for was decided in Pike-Floyd Coal Co. v. Nunnery, 232 Ky. 805, 24 S.W.2d 614. While dumping refuse may be an integral part of the *mining operation* on a particular tract, it is not an authorized incident of *removing* coal from other tracts.

The case relied on by appellant, Consolidation Coal Co. v. Mann, 298 Ky. 28, 181 S. W.2d 394, did not involve the *appropriation of the surface* of plaintiff's land but concerned the right of a mine operator to maintain a nuisance created by normal mining operations on adjacent property.

Complaint is made of the instructions, which we find properly presented the only issue in the case and the correct measure of damages. The testimony complained of was either competent or, if incompetent, was not material or prejudicial.

■ Appellant's final contention is that the damages were excessive. While there was adequate evidence of a difference in the reasonable market value of appellee's farm as a result of appellant's processing operations, such proof was not limited to the damages caused within the last five years by that part of the operation which was wrongful. We recognize the difficulty of proving damages in a case of this sort, but

Joe Hobson, Prestonsburg, R. D. Davis, Ashland, for appellant.

Paul E. Hayes, Frankfort, C. Kilmer Coombs and Combs & Combs, Prestonsburg, for appellee.

CLAY, Commissioner.

■ This is a suit for damages brought by the appellee owner of the surface of land against the appellant owner of the coal mining rights thereunder. The cause of the complaint was the dumping of refuse on the surface incident to the washing and other-

it appears the proof and the verdict included damages for which appellant was not liable. Without proper proof to support it, we find the verdict was excessive. For this reason the judgment must be reversed.

The judgment is reversed with directions to grant a new trial on the sole issue of damages caused the plaintiff by the dumping of refuse from coal mined on lands other than those of the plaintiff.