Ted NEWMAN, Plaintiff-Appellant,

v.

HI HAT ELKHORN COAL COMPANY, Defendant-Appellee.

No. 14470.

United States Court of Appeals
Sixth Circuit.

Jan. 23, 1962.

———◆———

C. Kilmer Combs, Combs & Combs, Prestonsburg, Ky., for appellant.

Joe Hobson, Prestonsburg, Ky., for appellee.

Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.

PER CURIAM.

This case originated in the Circuit Court of Floyd County, Kentucky and was removed by the coal company to the District Court on the ground of diversity of citizenship.

It was an action to recover damages and for injunction to restrain defendant from the processing of coal and dumping of refuse therefrom on plaintiff's lands which coal had been mined on lands other than plaintiff's.

The District Judge heard the case without a jury and at the close of the evi-

dence delivered an oral opinion in which he found in favor of the coal company and dismissed the complaint. He did not adopt findings of fact and conclusions of law.

Newman was the owner of the surface of certain land in Floyd County, Kentucky. The minerals had been severed from the land by a mineral deed to Elk Horn Coal Corporation which also granted " * * * the right to the use of such [land] as well for the removal over and through said land, the products taken out of any other land owned or hereafter acquired by it [Elk Horn], its successors or assigns. * * * " The defendant held under lease from the Elk Horn Coal Corporation.

■ The principal question in the case was whether the mineral deed authorized the coal company to use Newman's land to process coal mined from other lands and dump on it the refuse therefrom. The District Judge held that such use was authorized by the language of the deed and also by necessary implication.

The Court of Appeals of Kentucky has since construed the language of this deed in the case of Hi Hat Elkhorn Mining Co. v. Newman, Ky., 352 S.W.2d 71, and held otherwise. The Court said:

"Appellant's principal contention is that under a standard mineral deed it could legally process coal and dump refuse on appellee's land regardless of the source of the coal. The right to do so, if it exists, arises from a provision of the mineral deed which permits appellant to use the surface of appellee's land "for the removal over and through said land, [of] the products taken out of any other land owned or hereafter acquired" by appellant. That such a provision does not give the right contended for was decided in Pike-Floyd Coal Co. v. Nunnery, 232 Ky. 805, 24 S.W.2d 614. While dumping refuse may be an integral part of the *mining operation* on a particular tract, it is not an authorized incident of *removing* coal from other tracts."

It is, therefore, clear that the deed does not authorize the coal company to use Newman's land in the manner which it claims.

■ Since the present case is a diversity case involving the construction of a deed conveying mineral rights in Kentucky real estate, the decision of its highest court as to the law of that state is binding on us. Tompkins v. Erie Railroad Co., 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188; West v. American Telephone & Telegraph Co., 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139.

■ It is further claimed by the coal company that Newman knew that the coal tipple and washer plant used to process coal was being constructed on his land at great expense by its predecessor in title in 1956 and that Newman made no objection thereto and is, therefore, estopped from objecting to its use.

The coal company had the right to construct the coal tipple and washer plant to process coal mined from Newman's land. It is the use of these improvements to process coal mined from other lands to which Newman objects and was sustained by the Kentucky Court of Appeals. Newman testified that he had no knowledge of the dumping of slate on his property from coal mined from other lands prior to the use of the new equipment; that he was not consulted as to the erection of the improvements in 1956 or their intended use to process coal mined from other lands although he knew they were being constructed. If this is true, it could hardly be claimed that the coal company had a perpetual right to use his property without compensation to process coal mined from other lands, dump refuse therefrom, and damage his property.

We think the evidence on the subject of estoppel would have to show that Newman had knowledge of the intended use, not merely that he should have known.

The District Court should also determine whether Newman is entitled to injunctive relief.

Judgment reversed and cause remanded for a new trial.