Ted NEWMAN, Plaintiff-Appellant,

v.

HI HAT ELKHORN COAL COMPANY, Defendant-Appellee.

No. 14470.

United States Court of Appeals
Sixth Circuit.

May 7, 1962.

C. Kilmer Combs, Prestonsburg, Ky., for appellant.

Joe Hobson, Prestonsburg, Ky., for appellee.

Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.

PER CURIAM.

Appellee contends that we have misconstrued the opinion of the Court of Appeals of Kentucky which was handed down in the case of Hi Hat Elkhorn Mining Co. v. Ted Newman, 352 S.W.2d 71 and was the basis for our decision. We have reviewed the briefs filed in that case and find that substantially the same arguments were made by appellee's predecessor in title as were urged upon us by appellee in the present case and it relied on the same authorities. The opinion of the District Court in the case at bar was also cited to the Kentucky Court of Appeals.

We cannot ignore the plain language in the opinion of the Kentucky Court of Appeals which rejected the contentions of the mining company and clearly held that it did not have the right to use Newman's land to process coal mined from other lands and dump the refuse therefrom on his land.

█ It also appears that the same issues relating to estoppel and the statute of limitations as are involved in the present case were raised in that case in the Circuit Court of Floyd County, Kentucky. They were apparently rejected by the Circuit Court and not pressed in the Kentucky Court of Appeals. If these defenses were not valid in the Kentucky courts they would not be recognized in the federal court sitting in Kentucky.

█ We see no merit in the defense of res adjudicata as applied to damages occurring after August 1, 1959. In the Kentucky case damages were awarded to August 1, 1959 which was the date when appellee acquired the mineral rights from its predecessor in title.

Newman's damages here are limited to those occurring after August 1, 1959.

The Petition for Rehearing and Modification of Opinion is denied.