**Danny Lee RICE, Administrator of the Estate of James Roger Rice, Deceased, Appellant,**

v.

**Edgar STAPLETON et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 7, 1973.

Robert J. Greene, Perry & Greene, Paintsville, for appellant.

Hazelrigg, Knight & Kirk, Wells & Wells, Paintsville, for appellees.

VANCE, Commissioner.

This is an appeal from a judgment entered pursuant to a jury verdict which awarded appellees the sum of $3,000.00 for damage to their real property resulting from mining operations conducted by the appellant on adjoining property.

In 1903 Benjamin Grim conveyed to John C. Mayo the mineral rights in a 95-acre tract of land. The conveyance gave the grantee the right:

" * * * to enter upon said land, and use and operate the same, and the surface thereof, in all and any manner that may be deemed necessary and convenient by the said party of the second part, heirs and assigns, for Mining and removing therefrom all the said Minerals and Products and the manufacture of same, and shipping the said articles and products above-named, as well as to remove the products taken from out of any other land owned by the party of the second part, his heirs, vendees and assigns, or from any land which they may hereafter acquire * * *."

After the conveyance of the mineral rights, the surface of the 95-acre tract was subdivided and now the appellee owns approximately 60 acres of the surface and one Rosie Salyers owns the other 35 acres. The parties have stipulated that the land of the appellee and the adjoining land of Rosie Salyers overlay the mineral estate conveyed by the deed to John C. Mayo in 1903.

The appellant by lease obtained the right to mine the coal from the 95-acre tract.

Appellee claims that appellant's lease entitled him to extract coal only from the 35-acre tract underneath the surface owned by Rosie Salyers but we find nothing in the record to support this claim.

The appellant however commenced mining coal only from the Salyers tract and as a result of the mining operation and the construction of a road to the mine some debris and refuse was pushed upon or washed upon the appellee's land and some trees upon appellee's land were damaged.

At the close of evidence for appellee, the appellant moved the trial court for a directed verdict upon the ground that there was no showing that appellant had acted arbitrarily or unreasonably. The motion was denied. Appellant contends that the trial court erred in failing to sustain the motion.

The language of the deed which conveyed the mineral rights created in the grantee a superior right to the use of the surface for the removal of the minerals and the surface owner is not entitled to recover for damage to the surface occasioned by the removal of the minerals except for an arbitrary, wanton or malicious exercise of the granted right. Sentry Royalty Company v. Kimmel, Ky., 461 S.W.2d 76 (1970), Martin v. Kentucky Oak Mining Company, Ky., 429 S.W.2d 395 (1968).

It is true that *Sentry* involved a claim where the mining was being conducted under the surface tract which was damaged while here the mining was done under the surface of the Salyers tract and the damage was claimed for an adjoining tract owned by appellee. The right to extract minerals underneath both tracts was granted in 1903 and the rights of the mineral owner were fixed by that instrument. We fail to see how the rights of the mineral owner could be eroded or whittled away by a subsequent subdivision of the surface.

Pike-Floyd County Coal Co. v. Nunnery, 232 Ky. 805, 24 S.W.2d 614 (1930) and Hi

Hat Elkhorn Mining Company v. Newman, Ky., 352 S.W.2d 71 (1961), are not in point because they do not indicate that the surface damaged and the mining site were underlaid by the same mineral grant.

Blue Diamond Coal Co. v. Press Eversole, Ky., 253 S.W.2d 580 (1952), permitted recovery by a surface owner for damage caused by dumping refuse from a mine upon another surface tract. The case is distinguishable upon the facts because in *Blue Diamond* the refuse was hauled several miles from the mine to the place where it was dumped. There is a further distinguishing feature in that the mineral grant in *Blue Diamond* conveyed the right to mine *with all usual mining privileges* whereas in the instant case the grant was of such privileges as the mineral owner deemed necessary and convenient. The possibility cannot be ruled out that the judgment in *Blue Diamond* was approved because the action of the mineral owner in hauling refuse from three to five miles and dumping it upon the surface tract of another may have been considered to be arbitrary, wanton and unreasonable. In any event we do not consider Blue Diamond Coal Co. v. Press Eversole, supra, applicable to the facts of this case.

The evidence in this case did not show arbitrariness, wantonness or maliciousness in the exercise of the mineral grant and the appellant's motion at the close of the evidence on behalf of appellee at the trial for directed verdict should have been sustained.

We do not find in the record a motion for a directed verdict at the close of all the evidence or a motion for a judgment notwithstanding the verdict and for that reason we cannot direct a judgment for appellant. This case is remanded for a new trial with directions that a motion for a directed verdict by appellant should be sustained unless the evidence at the new trial warrants a submission to the jury of the question of whether the appellant exercised his rights under the mineral lease in an arbitrary, wanton or malicious manner.

The judgment is reversed for further proceedings consistent with this opinion.

PALMORE, C. J., and MILLIKEN, OSBORNE and STEINFELD, JJ., concur.

REED, J., concurs in the result only.

JONES, J., dissents.

STEPHENSON, J., not sitting.